CROWDER v. GRAHAM.   (No. 8948.)

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 9, 1918.)

1. INJUNCTION ⬞⬞152—ISSUANCE WITHOUT GIVING OPPORTUNITY TO BE HEARD.

Code Cr. Proc. 1911, art. 148, providing that one indicted for carrying on an occupation injurious to health may be enjoined from carrying on such occupation, does not authorize a restraining writ, without proof and giving defendant an opportunity to be heard.

2. HEALTH ⬞⬞33—RESTRAINING UNLAWFUL PRACTICE OF MEDICINE—"TRADE, BUSINESS, OR OCCUPATION INJURIOUS TO HEALTH OF NEIGHBORHOOD."

"Unlawfully practicing medicine," within the provisions of Pen. Code 1911, arts. 754, 755, not being a public nuisance under the common law, cannot be enjoined as a "trade, business, or occupation injurious to the health of those in the neighborhood," within the meaning of article 694 and Code Cr. Proc. 1911, art. 148, authorizing injunction of injurious occupation after indictment therefor; these latter statutes relating only to offenses constituting a public nuisance under the common law.

Appeal from District Court, Taylor County; Joe Burkett, Judge.

Suit by W. H. Graham against Roy Crowder. From an order granting a temporary injunction, defendant appeals. Reversed and rendered.

Stinson & Chambers, of Abilene, for appellant. W. H. Graham, of Abilene, for appellee.

DUNKLIN, J. W. H. Graham, as county attorney of Taylor county, instituted this suit against Roy Crowder, to restrain him, by writ of injunction, from practicing his profession in Taylor county. It was alleged in the petition that the defendant claimed to follow the profession of a masseur, and by advertising in the newspapers solicited the public to call at his office and receive treatment for diseases of the human body, and that he does treat patients for such diseases for hire. It was further alleged:

"That although he claims to be nothing but a masseur, yet in truth and in fact he performs certain manipulations with his hands over, upon, and about the human body of his patients, in such way as that it clearly comes within the meaning of the term 'practicing medicine' under our state laws, and the said Roy Crowder has not sufficient training in medical science to properly diagnose and treat or offer to treat diseases, disorders, and ailments of the human body, without being likely to produce death or serious permanent bodily injury to his patients, and his profession is injurious to the health of the citizens of Taylor county who patronize him, and on one occasion he massaged a fracture of a bone of a patient, not being able to diagnose the case properly, which massage tended to prevent the said fracture from knitting together, instead of knitting together. That, while he represents himself publicly to be only a masseur, yet in truth and in fact he is unlawfully engaged in the practice of medicine, as defined by our statute, for the reason that he treats and offers to treat diseases, disorders, and ailments of the human body, and charges therefor a sum of money, and is not acting under the direction of a regularly licensed physician, surgeon, or osteopath, and is not carrying on his business or profession in the particular sphere of masseur as contemplated by the laws of Texas. And petitioner alleges that the particular sphere of a masseur is working under the direction of a regularly licensed physician, surgeon, or osteopath; and petitioner says that said Crowder is in truth and in fact practicing medicine in Taylor county, and calling it massage as a subterfuge to evade the law. And plaintiff says that the said Roy Crowder has never procured from the state board of medical examiners of the state of Texas any proper license or certificate to practice medicine in Texas, and cannot get such certificate in the office of the district clerk of Taylor county, the county of his residence, as required by law, and hence is not entitled to practice massage, except under the direct supervision of a regularly licensed physician, surgeon, or osteopath."

Following those allegations are further allegations that two cases are now pending upon the criminal docket of the county court of Taylor county, in each of which the defendant stands charged with the offense of unlawfully practicing medicine in Taylor county, Tex., one of which cases is upon information and complaint filed in the county court, and the other is upon an indictment found by the grand jury and duly transferred from the district court to the county court. Plaintiff further alleged that, notwithstanding the filing of such criminal proceedings, of which defendant had due notice, he—

"continued to unlawfully practice medicine in the manner aforesaid, to the injury of the health of the citizens of said Taylor county, and plaintiff says that his unlawful practice is calculated to produce death or serious bodily injury to his patients."

The petition then concludes with a prayer that the court issue an order directing the de-

fendant to appear, at a time and place to be fixed by the court, to show cause why he should not be restrained from practicing his profession illegally pending the trial of the criminal charges against him. The petition was signed by W. H. Graham, county attorney of Taylor county, but was not verified. It was filed on December 4, 1917, and on the same day it was presented to the judge of the district court during a regular session of said court, and the judge thereof made the following order thereon on December 4, 1917, the same day the petition was filed:

"On this day there was presented to me the petition of W. H. Graham, county attorney of Taylor county, Texas, in the above-entitled and numbered cause, on the civil docket of the said court, praying for an order restraining the said Roy Crowder from unlawfully practicing medicine, which the petition alleges is injurious to the public health of the community in which the said Roy Crowder resides; and it appearing to the court that the petition shows upon its face sufficient grounds for an injunction: It is ordered by the court that the said Roy Crowder be and he is hereby enjoined from further practice of medicine in Taylor county, Texas, in any manner until a hearing is had on the merits of this case. Said clerk is ordered to issue all process applied for by either plaintiff or defendant, for witnesses, and place same in the hand of said sheriff for service."

Article 694 of chapter 1, title 12, of Branch's Annotated Penal Code, reads as follows:

"If any person shall carry on any trade, business or occupation injurious to the health of those who reside in the vicinity, or shall suffer any substance which has that effect to remain on premises in his possession, he shall be punished by fine not less than ten nor more than one hundred dollars; and each separate day of carrying on such business, trade or occupation, or of permitting such substance to remain on the premises shall be considered a separate offense."

Other articles of the same chapter specifically provide that it shall be an offense punishable by fine to pollute or obstruct water courses, lakes, ponds, or common sewers in such manner as to render the same unwholesome or offensive to the inhabitants of any county, city, or neighborhood in that vicinity, or to leave carcasses of dead animals on or near any public highway or within fifty yards thereof, or within 500 yards of a private residence, or for any one to fail to comply with the regulations promulgated by the state health officer; also other acts not necessary to mention.

Article 148 of the Code of Criminal Procedure, Vernon's Criminal Statutes of 1916, reads as follows:

"After an indictment or information has been presented against any person for carrying on a trade, business or occupation injurious to the health of those in the neighborhood, the court shall have power, on the application of any one interested, and after hearing proof both for and against the accused, to restrain the defendant, in such penalty as may be deemed proper, from carrying on such trade, business or occupation, or may make such order respecting the manner and place of carrying on the same as may be deemed advisable; and, if, upon trial, the defendant be convicted, the re-

straint shall be made perpetual, and the party shall be required to enter into bond, with security, not to continue such trade, business or occupation to the detriment of the health of such neighborhood, or of any other neighborhood within the county."

Chapter 6, title 12, of the Penal Code, prescribes the necessary steps to be taken by one in order to authorize him to practice medicine in any of its branches upon human beings within the limits of the state, including the requirement that he must successfully pass an examination before the Board of Medical Examiners, unless such person was a legal practitioner in the state under the provisions of laws passed previously to the year 1907, or under a diploma issued by some reputable and legal college of medicine. By article 754 it is provided that the statutes included in that chapter shall not apply to "masseurs in their particular sphere of labor, who publicly represent themselves as such." Article 755 reads as follows:

"Any person shall be regarded as practicing medicine within the meaning of this act: (1) Who shall publicly profess to be a physician or surgeon and shall treat, or offer to treat, any disease or disorder, mental or physical, or any physical deformity or injury, by any system or method or to effect cures thereof. (2) Or who shall treat or offer to treat any disease or disorder, mental or physical, or any physical deformity or injury by any system or method or to effect cures thereof and charge therefor, directly or indirectly, money or other compensation."

From an order granting a temporary writ of injunction restraining the defendant from practicing his profession pending the trial of the two criminal cases against him, the defendant has prosecuted this appeal.

Appellee has filed no briefs, but it is apparent from the record that the injunction sought was under article 148 of the Code of Criminal Procedure and article 694 of the Penal Code, both of which are quoted above; it appearing that the county attorney and the district judge proceeded upon the theory that the business or profession followed by appellant was injurious to the public health within the meaning of those two statutes, which could be restrained by writ of injunction under and by virtue of article 148 of the Code of Criminal Procedure, and that the proceedings were not upon the theory that appellant's business was a public nuisance under the common law, which would be subject to a writ of injunction.

We gravely doubt the jurisdiction of the district judge to grant the writ, in view of the fact that the two criminal cases against appellant were pending in the county court, and not in the district court. From a reading of article 148 it would seem that the power to grant a writ of injunction pending such a criminal case is given solely to the court in which the case is pending. But it is not necessary for us to decide that question, since the judgment will be reversed for other reasons hereinafter shown.

[1] It is also apparent that the temporary writ was granted without notice to the defendant, and without giving him any opportunity to be heard thereon, and upon the allegations contained in the petition, without hearing evidence to sustain the same. It is evident from a reading of article 148 of the Code of Criminal Procedure, copied above, that the Legislature did not contemplate the granting of a restraining writ, except upon proof, and until the defendant is given an opportunity to offer proof to show that he is not guilty of the offenses charged in the indictment or information that has already been filed against him. Accordingly, the appellant's assignment to the effect that the court erred in granting the writ without giving defendant an opportunity to be heard, and without hearing proof of the truth of the charges presented against him, is sustained.

[2] We are of the opinion, further, that the offense of "unlawfully practicing medicine," within the meaning of the provisions of chapter 6, title 12, of the Penal Code, referred to above, is not a "trade, business, or occupation injurious to the health of those in the neighborhood," within the meaning of article 694 of the Penal Code and of article 148 of the Code of Criminal Procedure, authorizing the issuance of a writ of injunction after indictment or information has been filed alleging such offense.

Article 694 prescribes as a punishment a fine of not less than $10 nor more than $100, while by article 756 the punishment prescribed for the unlawful practice of medicine is a fine not less than $50 nor more than $500, and by imprisonment in the county jail for a term not exceeding six months; and those articles are in separate and distinct chapters of the statutes. The acts denounced as an offense in article 694 constitute a public nuisance under the common law. We are of the opinion that such is the only character of acts made an offense by that statute, as indicated by those acts described in other articles of the same chapter, which are specifically made criminal offenses and specific penalties are prescribed therefor, and that by article 148 of the Code of Criminal Procedure it was not intended to authorize the issuance of writs of injunction to restrain the commission of such an offense as the unlawful practice of medicine.

It is well settled that, in the absence of some statute specifically authorizing the same, an injunction will not lie to restrain the violation of a penal statute, simply because the act enjoined is denounced as an offense, but that an injunction will lie to restrain the act, even though it is an offense, if it constitutes a public nuisance under the common law. See ex parte Roper, 61 Tex. Cr. R. 68, 134 S. W. 334, Ex parte Allison, 99 Tex. 455, 90 S. W. 870, 2 L. R. A. (N. S.) 1111, 122 Am. St. Rep. 653. We are of the opinion, however, as indicated above, that the business followed by appellant would not constitute such a public nuisance.

From the foregoing conclusions, it follows that the order granting the temporary writ of injunction must be reversed, and judgment must be here rendered, vacating said order and the writ issued thereunder, without reference to other assignments, which therefore it will be unnecessary to discuss; and it is so ordered.

Reversed and rendered.

CONNER, C. J., not sitting, serving on writ of error committee at Austin.