To the first question we answer that the contract in question was only for transportation of cotton from Galveston, Tex., to Genoa, Italy, and not for so much space in the ship.

To the second question we answer that appellee was not liable to appellant for such profits as he received for the sale of space saved in the ship by reason of the recompressing of appellant's cotton. ,

---

'BECK et al. v. PRIDDY.    (No. 457–3981.)

(Commission of Appeals of Texas, Section A. June 13, 1923.)

**Injunction** ⬡118(4)—**Petition to enjoin levying writ of sequestration held not to state cause of action.**

Petition to enjoin levying writ of sequestration in action of trespass to try title, alleging that the action was brought to recover over 3,000 acres from defendant, plaintiff in the injunction suit, who claimed only 170 acres thereof, and that the action for the excess over 170 acres was for the fraudulent purpose of enlarging the amount in controversy to prevent such defendant from replevying and securing possession of the 170 acres, and that the sheriff wrongfully refused his replevy bond for the 170 acres, but not alleging that plaintiff in the action of trespass to try title was insolvent, or that the sequestration bond was insufficient, or that irreparable loss would be suffered, *held* insufficient as disclosing an adequate remedy at law by compensation in damages.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Suit by W. A. Priddy against Henry Beck and another. Judgment for plaintiff was affirmed by the Court of Civil Appeals (249 S. W. 1105), and defendants bring error. Judgments of the trial court and Court of Civil Appeals reversed, and judgment rendered.

Snodgrass & Dibrell, of Coleman, for plaintiffs in error.

Critz & Woodward, of Coleman, for defendant in error.

RANDOLPH, J. A writ of sequestration was issued by the clerk of the district court of Coleman county in the case of Beck v. Priddy, pending in that court, and same was turned over to the sheriff of Coleman county to be levied upon certain lands described therein. The defendant Priddy, as plaintiff, then instituted this suit by filing his petition for an injunction, in the district court of that county, against Beck and the sheriff of Coleman county, seeking a writ of injunction restraining the sheriff from levying said writ and from ejecting him from the possession of 170 acres of said land.

In his petition for the injunction Priddy alleges substantially: The filing of the original suit by Beck in the district court of Coleman county on the 27th day of January, 1923; that said suit was an action of trespass to try title, brought by Beck against him (Priddy) to recover described lands aggregating 3,647.70 acres of land, of the aggregate value of $57,915.50; that in so far as said suit seeks to recover the title and possession to the lands and premises over and above 170 acres, which 170 acres is later described by metes and bounds, same was fictitious and fraudulent; setting up a verbal lease contract between himself and Beck, of the 170 acres described in the petition for injunction by metes and bounds, for the year 1923; denying that he had ever leased any other lands from Beck; that he had never at any time asserted, and does not assert now, any interest, title, or ownership in the balance of the 3,647.70 acres sued for by Beck in the original suit; that Beck's purpose in bringing the suit for all of the land, was to prevent him from retaining possession of the 170 acres, house, and outhouses, with the fraudulent purpose of so enlarging the amount in controversy and the value of the lands as to keep him from replevying and securing possession of the lands and premises he had in fact leased, because he believed that Priddy would be unable to make and ex-

ecute a good and sufficient replevy bond; that in so doing Beck acted fraudulently and without just cause, well knowing that he (Priddy) is not asserting or claiming any rights whatsoever to any of said lands and premises, save and except the 170 acres, house, outhouses, etc.; that the grounds set out in the application and affidavit upon which the writ of sequestration was issued were false, fraudulent, and fictitiously made, Beck well knowing at the time that he (Priddy) was not claiming any of the lands, except as above set out; the issuance of the writ of sequestration by the clerk and the execution of the same by the sheriff on the 27th day of January, 1923, was wrongful in the taking from his (Priddy's) possession, not only the lands he was not claiming, but also the 170 acres, the house, outhouses, etc.; that within the 10 days from the date of the filing of the suit, and within 10 days from the date of the issuance of the writ of sequestration, and within 10 days from the execution of said writ by the sheriff, he requested the sheriff to name and fix value on the 170 acres, etc., so that he could tender to said sheriff a good and sufficient replevy bond in double the estimated value, which the sheriff declined to do, and on said date he (Priddy) did in fact tender and attempt to deliver to said sheriff a bond in the sum of $20,000, with good and sufficient sureties, to replevy the 170 acres, house, etc., which bond was in double the value of the premises sought to be replevied; that the sheriff refused to accept the bond so tendered, and declined to name, state, or fix any value on the premises sought to be replevied, and that said sheriff is now threatening, and will, if not prevented, keep him (Priddy) from occupying and using said premises during 1923, and will further execute same by ejecting him from said premises; tenders a bond to said Beck and said sheriff, for the benefit of Beck, for all purposes required by law; that said Beck is aiding and encouraging said sheriff in refusing to accept said bond; that said sheriff does not object to said bond because of any defect or insufficient amount of same, but is requiring of him (Priddy) a bond for all the land sued for. The petition closes with the following prayer for relief:

"Wherefore, the premises considered, your petitioner herein prays your honor to grant the most gracious writ of injunction, enjoining and restraining the said Henry Beck and the said Dick Pauley [sheriff], and each of them, from objecting, or attempting to eject, dispossess, from the lands and premises claimed by him as described herein, or hinder your petitioner herein in the possession thereof or from ejecting him from the possession of said lands and premises fully described herein as claimed by him and described in said bond, and for such other and further orders and relief, both at law and in equity, to which he will be entitled; and will ever pray."

The trial court, upon presentation of this petition, without hearing evidence, but upon an inspection of the petition, ordered a temporary writ of injunction to issue. Beck appealed from this interlocutory judgment to the Court of Civil Appeals, and that court affirmed the trial court's judgment. 249 S. W. 1105.

In view of this temporary injunction having been granted ex parte and without evidence, as appears from the order of the trial court, the questions presented to us recur solely upon the petition and the sufficiency of same. There are many errors assigned in the application for writ of error, but in our opinion the decision of the question, Did the district court err in granting the injunction? we think is a controlling one, and the only one necessary to be discussed.

If the plaintiff, Priddy, had a clear, complete, and adequate remedy at law, and if his petition fails to show a cause of action because of the allegations therein disclosing that he had a legal remedy, and further that said petition presents no equitable ground for relief, then it necessarily follows that the trial court erred in granting the temporary injunction. By an inspection of the petition for injunction herein, a substantial analysis of which is given above, it will appear that Priddy's claim of right to enjoin rests, first, upon his claim of right to replevy a portion of the land in controversy in the original suit; and, second, upon the refusal of the sheriff to permit him to replevy only such portion. In our opinion, conceding his right to replevy, which we do not now decide, we think the refusal of the sheriff to permit him to replevy is only a violation of a legal right on a par with the claimed original wrong done him by Beck in having the property sequestered. Priddy, being denied the right to replevy, is left where the original sequestration found him. He has under either phase of the question an action for damages against Beck. He nowhere alleges that Beck is insolvent and unable to respond in damages, or that the sequestration bond given by Beck is insufficient, either in responsibility or legal form, to protect him against loss, or that he will suffer irreparable damage or injury if the sheriff is not compelled to accept his replevy bond and turn the property over to him. He simply draws a picture of a contumacious party plaintiff and sheriff refusing to let him exercise his legal rights, for which wrong he can be abundantly compensated in damages, if he has in fact been wronged.

This section of the Commission of Appeals, in an opinion by the writer, in the case of Hill v. Brown, 237 S. W. 252, fully discusses the question decided above, and, as we have had no occasion to recede from our holding in that case, we refer to it and the authorities therein cited to support our holding, in

this case, that the plaintiff in this injunction suit, not only fails to state grounds for equitable relief, but in his petition discloses that he has an adequate and complete remedy at law.

In view of our holding in the case we do not deem it necessary to discuss the opinion of the Court of Civil Appeals rendered in this case. The fundamental difference between the view that court takes of the case and the view we take of it, upon the question indicated above, sufficiently indicates our position upon the controlling question, without discussing the other errors assigned.

We therefore recommend to the Supreme Court that the judgments of the trial court and the Court of Civil Appeals be reversed, and that judgment be here rendered, denying the application for writ of injunction.

CURETON, C. J. Judgments of the Court of Civil Appeals and District Court both reversed, and judgment rendered denying the injunction.