### OVERTON REFINING CO. v. TERRELL et al., and All Consolidated Refinery Cases.

#### No. 459.

District Court, E. D. Texas, Tyler Division.

Aug. 7, 1933.

Wynne & Wynne, of Athens, Tex., for complainant.

444

The Attorney General of Texas, for respondents.

Before HUTCHESON, Circuit Judge, and GRUBB and WILSON, District Judges.

PER CURIAM.

This is one of several suits brought by refinery corporations operating in East Texas against the Railroad Commission to restrain it from requiring the installation of meters, the making of reports, and generally from interfering with the business of the plaintiff through inspection of its plant, books and records and the gauging of its tanks, or in any other manner with the conduct of its business.

■ These companies attack, as the pipe line companies did, Atlas Pipe Line Co. v. Ross Sterling et al., 4 F. Supp. 441, opinion this day rendered, the statutes and orders of the commission as unconstitutional and void, but they also attack the orders and actions of the commission as not authorized by the statute. They make the point that, whereas jurisdiction is expressly conferred upon the commission to regulate the production, storage, and transportation of oil, jurisdiction over refineries is withheld from them. They urge that article 6049c, § 5, Vernon's Annotated Civil Texas Statutes, giving the commission the right to require "any party to make and file with the Commission sworn statements," etc., and authorizing the commission to examine the books and records of any person, was intended to embrace in its terms those engaged in production, storage, transportation, and was not intended to extend to refineries; that, if extended to include them, it must be given a scope comprehensive enough to include all persons, whether engaged in the business referred to in the statute or not, thus making it the instrument of, and authority for, unreasonable searches, in violation of the state and federal Constitutions. They argue that, whatever might be the authority of the state to subject them to such restrictions, the statute on which the commission relies, drawn as it is, especially in the light of the refusal of the Legislature to amend it so as to include refineries, may not be construed to extend to them.

■ We think plaintiff is right. It is one thing to subject persons to the pains and penalties of the law for violation of the penal statutes; it is another thing to subject them to sweeping inquisitions, visitations, and interrogations by extrajudicial bodies, for the purpose of obtaining information against them or other persons as a basis for prosecutions. When such authority is claimed, a statute purporting plainly and definitely to confer it must be shown. Re Pacific Ry. Comm. (C. C.) 32 F. 263; Frederick Ellis v. Interstate Comm. Comm., 237 U. S. 434, 35 S. Ct. 645, 59 L. Ed. 1036; Federal Trade Comm. v. American Tobacco Co., 264 U. S. 298, 44 S. Ct. 336, 68 L. Ed. 696, 32 A. L. R. 786; Ex parte Gould, 60 Tex. Cr. R. 442, 132 S. W. 364, 31 L. R. A. (N. S.) 835.

Plaintiff's proof makes it clear that the restrictions sought to be imposed upon it are burdensome, in some respects almost, if not quite, impossible to comply with, and generally deprive them of their property. Authority in the commission to impose these burdens on them seems to us to be lacking.

In this state of the proof, we think the balancing of conveniences requires that the interlocutory injunction should issue as prayed.

Decrees in all the refinery cases may be presented to the District Judge for allowance and approval, upon the plaintiffs filing bonds in the amounts and with the sureties fixed and approved by him.