**FOSHEE REFINING CO., Inc., v.
STATE et al.
No. 4746.**

Court of Civil Appeals of Texas.
Texarkana.

June 7, 1934.

Rehearing Denied June 28, 1934.

F. W. Fischer, of Tyler, for appellant.

James V. Allred, Neal Powers, and Edward Clark, all of Austin, Bailey Sheppard, of Longview, and Maurice Cheek, of Fort Worth, for appellees.

LEVY, Justice (after stating the case as above).

The injunction is sought for the purpose of enforcing certain orders and regulations of the Railroad Commission of the state, the violation of which being classéd as unlawful acts. The decisive answer must depend upon whether or not an injunction, temporary or permanent, may be granted by the court at the suit of the state, or the Railroad Commission, distinctively as such, restraining refinery corporations from continuing the acts complained of. It is provided by section 7 of article 6049c, Vernon's Ann. Civ. St.: "From and after the promulgation of any rule, regulation or order of the Commission it shall be the duty of each party affected thereby to comply with the same." It is further expressly provided by section 14 of article 6049c that the Railroad Commission shall have the right to a preventive injunction from doing the following particular acts and things: "The purchase, transportation or handling of crude petroleum oil or natural gas produced from any property in excess of the amount allowed by any statute or any rule, regulation or order of the Commission is hereby prohibited, and the Commission shall have power to enjoin any violation of this section." And the following are the parties who may be enjoined at the suit of the Railroad Commission from

continuing the acts or things prohibited, namely: "Whenever it shall appear that any party engaged in the production, storage or transportation of crude petroleum oil or natural gas is violating any Statute of this State or any valid rule, regulation or order of the Commission promulgated to correct, prevent, or lessen the waste of crude petroleum oil or natural gas, the Commission, through the Attorney General, may bring suit against such party in any court of competent jurisdiction in Travis County, Texas, or in the county of the residence of the defendants, or any of them, or in the county in which such violation is alleged to have occurred, but not elsewhere, to restrain such party from violating such rule, regulation, or order, or any part thereof, and in such suit the Commission may obtain such preliminary restraining order or temporary or final injunction as the facts may warrant." Section 4. The parties against whom the injunction may be available are, as may be observed, plainly and definitely stated to be "any party engaged in the production, storage or transportation of crude petroleum oil." The words "any party engaged," considered in connection with the associated words of "in the production, storage or transportation of crude petroleum oil," would reasonably give the provision the construction, as the legislative intention to do, of any party engaged in or carrying on the authorized business of production, storage, or transportation of crude petroleum oil. The word "party" is a general term, and may be regarded as legally embracing also private corporations. The provision evidently had in view the oil corporations authorized by law to be created. By express provision of statute private corporations may be created to accomplish the legitimate business for profit the several purposes of producing, storing, transporting, buying, and selling oil. Article 1495. Such a corporation may be created with the powers designated in the charter, if so limited, as pipe lines, refineries, and production. For instance, a corporation may be created for business with power only of owning and operating "refineries" (article 1506) or with powers both to prospect for and produce oil (article 1499) and to maintain and operate a refinery. A corporation may be created only to engage in business of production and sale of oil, or of storing and transporting oil, or pipe lines. Articles 1495–1506. Therefore a corporation created only as a "Refining Company" under the statute would not be classed as authorized to engage

in the business, within the meaning of the law, of production, or storage, or transportation of oil. In this view the language of the provision, providing against whom or which corporation the injunction may run, may not be construed, it is thought, to extend to refinery corporations, only incorporated to own and operate refineries. A similar view as to section 5 of the article is expressed in case of Overton Refining Co. v. Terrell et al. (D. C.) 4 F. Supp. 443. And any other view may not, it is believed, be taken in this appeal. It is a general rule of statutory construction that the express mention or enumeration of one person or thing or consequence is tantamount to an express exclusion of all others. The provision must be restricted to the legislative intention, as expressed. The party must be principally engaged in the business of storing oil for sale, and not merely as an incident of operating a refinery. The petition does not charge that the defendant refining company, besides owning and operating a refinery, is also empowered by charter and is engaged in the business of "Refining and Production" of oil. The petition alleges that the "Foshee Refining Company, Incorporated, a private corporation, with the principal office and place of business in the town of Gladewater, Gregg County, Texas," did, at certain times stated, in violation of certain orders of the Railroad Commission, do the particular acts set out in section 6 of the above statement of the case. The party must not only do the prohibited acts, but must also be a party against whom the injunction will lie. The two things must appear. In the absence of allegations that the refinery corporation, besides operating as a refinery, was also engaged in or carrying on the business of producing, or storing and transporting for sale crude petroleum oil, it may not be held that the defendant refining corporation was, as within the terms of the statute, before the court as a party that may be enjoined. A party will not be enjoined from taking certain action, although the action may be deemed wrongful, unless he himself is legally before the court as a defendant. It is the certain rule, long established, that a court is not vested with jurisdiction to grant an injunction at the suit of public authorities unless by express statutory authority or to abate a public nuisance. Ex parte Castro, 115 Tex. 77, 273 S. W. 795, 797; 46 C. J. § 320, p. 740; 14 R. C. L. § 80, p. 379. Quoting from Crowder v. Graham (Tex. Civ. App.) 201 S. W. 1053, 1055: "It is well settled that, in the absence of some stat-

ute specifically authorizing the same, an injunction will not lie to restrain the violation of a penal statute, simply because the act enjoined is denounced as an offense." And as clearly stated in Ex parte Castro, supra: "It is quite elementary that a court of equity has no authority to issue an injunction, unless some property right is involved, or some other right which would bring it within the usual rules of equity jurisdiction, or unless it is provided for by statute."

Viewing the proceedings as a suit in the name of the state of Texas, simply as to recovery of penalties, the right to injunctive relief through temporary order is not sufficiently shown and may not be sustained. The injunction appealed from granted to the Railroad Commission, distinctly as such, and the proceedings of the Commission are distinct from the claims of the state for penalties.

The order granting a temporary injunction is here vacated and set aside.