**TYRECO REFINING CO., Inc., v. STATE et al.**

No. 4924.

Court of Civil Appeals of Texas. Texarkana.

March 1, 1935.

Rehearing Denied March 28, 1935.

F. W. Fischer, of Tyler, for appellant.

William McCraw, Atty. Gen., and Tom D. Rowell, Jr., Asst. Atty. Gen., for appellees.

JOHNSON, Chief Justice.

The appeal is from an interlocutory order granting a temporary injunction against the Tyreco Refining Company, Inc., entered by the judge upon the plaintiffs' verified petition, and before issuance of notice to the defendant.

The suit is brought in the name of the State of Texas and the Railroad Commission of the State of Texas appearing by and through the Attorney General of the state of Texas acting at the request and by direction of the Railroad Commission of Texas, and seeks to recover statutory penalties against the defendant, Tyreco Refining Company, a corporation, for alleged violation of certain provisions of Revised Statutes, title 102, particularly article 6049c, as added by Acts 1931, 42d Leg. 1st Called Sess. c. 26, p. 46, § 4 (Vernon's Ann. Civ. St. art. 6049c); and for alleged violations of certain orders, rules, and regulations of the Railroad Commission of the state of Texas, particularly its orders of February 15, 1933, and April 3, 1934, and December 5, 1934, made a part of plaintiffs' petition and alleged to be valid orders promulgated and passed by the Railroad Commission of Texas to prevent the waste of crude petroleum oil. Said orders in substance and effect provide:

"Order of February 15, 1933: That oil produced in the East Texas field shall not be delivered, accepted, transported or otherwise handled by any person, firm or corporation without having a tender therefor issued by the Railroad Commission in terms as provided for in the order.

"Order of April 3, 1934: Requires each refinery to file daily reports with the Oil and Gas Division of the Railroad Commission showing the amount of oil purchased each day and from whom purchased and the amount sold and/or run to stills and processed each day; and the filing of monthly reports giving specified data.

"Order of December 5, 1934: Requires that every person owning or processing any product of crude oil who desires to have transported such product from any oil field in the State of Texas or from any refinery or any other plant, must first secure from the Railroad Commission of Texas a permit in writing authorizing such person to have such product so transported, and that certain information shall be furnished the Railroad Commission precedent to issuance of said permit."

The petition shows that defendant is a party amenable to the provisions of said orders of the Railroad Commission of Texas, under the terms of Vernon's Ann. Civ. St. article 6049c, subjecting thereto "any party engaged in the production, storage or transportation of crude petroleum oil or natural gas," by allegations as follows: "That the defendant, Tyreco Refining Company, is by its charter authorized to and is in fact engaged in storing, transporting, buying and selling oil and gas, salt, brine, and other mineral solutions. This corporation accepts and adopts all provisions of Chapter 15, Title 32, of the R. C. S. of 1925 and amendments thereto, and shall have all the powers and be subject to the limitations therein contained."

The petition states specific acts alleged to have been committed by the defendant on certain dates which constitute violations of each of said orders of the Railroad Commission, and further alleges: "That the defendant has hereto failed and refused and still fails and refuses to comply with said orders, rules and regulations, and has been and is purchasing and transporting and handling crude petroleum which was produced in excess of the amount allowed by the orders, rules and regulations of the Railroad Commission of the State of Texas, and without in any wise complying with said order of February 15, 1933, and said order of April 3, 1934, and said order of December 5, 1934."

Plaintiff prays for judgment, for penalties, for a receiver, foreclosure of lien, and for temporary injunction, and that upon hearing such temporary injunction be made permanent, restraining the defendant, its agents, servants, and employees:

"(a) From further purchasing or transporting, or handling crude petroleum produced from any property in the East Texas field in excess of the amount allowed by the orders, rules, and regulations of the Railroad Commission set out,

"(b) From further purchasing or transporting or handling crude petroleum without complying with said order of February 15, 1933,

"(c) From further purchasing, handling, transporting, refining, marketing, and processing crude oil without complying with said order of April 3, 1934,

"(d) From shipping or causing to be shipped or transported any product of crude petroleum oil from any oil field or from any refinery, topping plant, blending plant, gasoline plant, or other plant, at which the product is manufactured and processed, situated within the State of Texas, unless and until a permit for such shipment has been issued therefor in conformity with the provisions of said order of December 5, 1934."

In the acts restrained, the order of the court granting the temporary injunction follows the prayer in the petition.

■ Appellant, Tyreco Refining Company, makes the contention before this court that it is a corporation organized for the purpose of conducting the business of refining and processing crude petroleum and the derivatives therefrom, and that it is engaged in such business, and that it is not now and has never been engaged in the business of production, storage, or transportation of crude petroleum, and that the crude petroleum which it processes and refines has been produced by other persons and corporations and transported and delivered to the refining plant of defendant. This contention is in effect merely a denial, filed only in this court, to the facts alleged in plaintiffs' petition. In review of the case this court is limited to the record as made in the lower court, which in this instance is the verified petition of plaintiff. R. S. art. 4662; Beck v. Priddy (Tex. Com. App.) 252 S. W. 476; Lane v. Jones (Tex. Civ. App.) 167 S. W. 177; Moore v. Plott (Tex. Civ. App.) 206 S. W. 598; City of Ft. Worth v. First Baptist Church (Tex. Civ. App.) 268 S. W. 1016; 24 Tex. Jur., §§ 249 and 250, pp. 306, 307.

■ Appellant makes the further contention that the district court was without jurisdiction or authority to issue the restraining order appealed from in this case. This contention of appellant cannot be sustained for the reason that article 6049c specifically authorizes the issuance of such restraining orders on petition of the Railroad Commission of Texas, "Whenever it shall appear that any party engaged in the production, storage or transportation of crude petroleum oil or natural gas is violating any Statute of this State or any valid rule, regulation or order of the Commission promulgated to correct, prevent, or lessen the waste of crude petroleum oil or natural gas. * * *" The petition is sufficient in showing that the defendant is subject to compliance with the orders of the Railroad Commission, as being "any party engaged in the production, storage or transportation of crude petroleum oil or natural gas," within the provision of article 6049c specifically authorizing issuance of injunctions against such parties violating such orders of the Railroad Commission.

Appellant contends that plaintiffs' petition in this case is similar to and comes within the holding of this court in the case of Foshee Refining Co. v. State et al., 73 S.W.(2d) 1098. The petition in this case is similar in its allegations to the petition which this court had under consideration in the Foshee Case, except in one material particular, namely, the petition in the Foshee Case was wanting in the particular allegations wherein the present petition affirmatively alleges that the "defendant is by its charter authorized to and is in fact engaged in the storing and transporting of oil and gas, etc.," which allegations bring the appellant within the provisions of article 6049c authorizing the issuance of injunction to restrain it from violating the orders of the Railroad Commission. The law applicable to the petition before this court in the Foshee Case was by Judge Levy in his usual language clearly and distinctly stated. We think that case was correctly decided. It was reversed for want of the particular allegations above mentioned which were present in the petition in this case. It is sufficient to note the material difference between the two petitions in the particulars above mentioned.

Finding no error presented, the judgment of the trial court will be affirmed.