### CULVER v. STATE et al.

### No. 3249.

Court of Civil Appeals of Texas. El Paso.
July 3, 1935.

F. W. Fischer, of Tyler, for appellant.

William McCraw, Atty. Gen., and Archie D. Gray and Tom D. Rowell, Jr., Asst. Attys, Gen., for appellees.

PELPHREY, Chief Justice.

On December 15, 1934, the state of Texas and the Railroad Commission filed a petition seeking to enjoin appellant from purchasing, transporting, or handling crude petroleum produced in the East Texas oil field in excess of the amount allowed by the orders of the commission; from purchasing, transporting, or handling crude petroleum without complying with the commissioner's order of February 15, 1933; from purchasing, transporting, handling, refining, marketing, or processing. crude oil without complying with an order dated April 3, 1934; from operating his refinery without making the reports as required by the order of April 3, 1934; and for shipping or causing to be shipped and transported any product of crude petroleum without a permit covering such shipment in conformity with an order of December 5, 1934.

A temporary injunction was issued as prayed for on the same day the petition was filed and on the 17th following this appeal was perfected. Appellant's position is that the injunction granted is too broad in its scope and that the courts have no power under the conservation act to enjoin any one except a producer, transporter, or storer of oil and then only from violating orders regulating the production, transportation, and storage.

Article 6049c, §§ 4 and 14, R. S. (Acts 1931, 1st Called Sess., c. 26, §§ 4, 14), under which this action is brought, reads: "Whenever it shall appear that any party engaged in the production, storage or transportation of crude petroleum oil or natural gas is violating any Statute of this State or any valid rule, regulation or order of the Commission promulgated to correct, prevent, or lessen the waste of crude petroleum oil or natural gas, the Commission, through the Attorney General, may bring suit against such party in any court of competent jurisdiction in Travis County, Texas, or in the county of the residence of the defendants, or any of them, or in the county in which such violation is alleged to have occurred, but not elsewhere, to restrain such party from violating such rule, regulation, or order, or any part

thereof, and in such suit the Commission may obtain such preliminary restraining order or temporary or final injunction as the facts may warrant."

Section 14 reads: "The purchase, transportation or handling of crude petroleum oil or natural gas produced from any property in excess of the amount allowed by any statute or any rule, regulation or order of the Commission is hereby prohibited, and the Commission shall have power to enjoin any violation of this section."

Appellant, while conceding that the court has jurisdiction over him for the purpose of enjoining him from producing, transporting, or storing oil in violation of the orders of the commission, contends that the court has no authority to enjoin him as a refiner from operating his refinery without making reports to the commission or from selling gasoline without obtaining a permit from the commission.

With this argument, we cannot agree. It is true that the statute limits the enjoining to those engaged in the production, storage, or transportation, but the orders, violation of which may be enjoined, are described as "any valid rule, regulation or order of the Commission promulgated to correct, prevent, or lessen the waste of crude petroleum oil or natural gas."

In this case it is alleged that appellant is authorized to and in fact is engaged in the production, transportation, and storage of oil. These allegations bring him within that class of persons who may be enjoined, and if the orders which he is enjoined from violating were orders to correct, prevent, or lessen the waste of crude petroleum, then the court was acting within the powers granted by the statute.

Appellant makes no contention that the orders of the commission here in question were not for that purpose, and we, therefore, must accept as true the allegation in appellee's petition that the orders were designed and passed for the prevention of waste in the East Texas oil field.

Appellant cites us to the holding in Foshee Refining Co. v. State et al., 73 S.W.(2d) 1098, by the Texarkana Court of Civil Appeals, as supporting his position here.

We do not so construe that holding. In the Foshee Case there was no allegation that the defendant was engaged in transporting or storing oil, and Justice Levy very properly held that the state was not entitled to the injunction without allegation and proof that the defendant came within the class designated by the statute.

As said heretofore, such allegations are here present. The distinction between the Foshee Case and one where such allegations appear was made by Chief Justice Johnson of the same court in Tyreco Refining Co. v. State (Tex. Civ. App.) 81 S.W.(2d) 291.

The judgment of the trial court is affirmed.