## CULVER v. STATE et al.

### No. 3248.

Court of Civil Appeals of Texas. El Paso.

July 3, 1935.

F. W. Fischer, of Tyler, for appellant.

William McCraw, Atty. Gen., and Archie D. Gray and Tom D. Rowell, Jr., Asst. Attys. Gen., for appellees.

HIGGINS, Justice.

The state of Texas and the Railroad Commission filed this suit December 15, 1934, against George L. Culver, doing business under the name of Linzie Refining Company.

It was alleged that Culver is "engaged in establishing and maintaining an oil business together with storing and transporting oil and gas, and is doing all those things and acts necessary for the operation of the business of a refinery, and in addition thereto, is engaged in producing, storing and transporting crude petroleum."

It was further alleged that Culver was violating the orders of the commission of February 15, 1933, April 3, 1934, and December 5, 1934. The nature of such orders is stated in the opinion rendered in Tyreco Refining Co. v. State (Tex. Civ. App.) 81 S.W.(2d) 291, to which we refer. Recovery of the statutory penalties for such violations was sought and temporary injunction was prayed.

Upon the allegations of the verified petition, the court temporarily enjoined Culver substantially as follows:

(a) From further purchasing, transporting, or handling crude petroleum oil produced from any property in the East Texas oil field in excess of the amount allowed by the orders, rules, and regulations of the Railroad Commission.

(b) Purchasing, transporting, or handling crude petroleum without complying with the order of the Railroad Commission of Texas dated February 15, 1933.

(c) From purchasing, handling, transporting, refining, marketing, or processing crude oil without complying with the order of the Railroad Commission of Texas dated April 3, 1934.

(d) From operating the refinery of appellant without making reports required by the order of the Railroad Commission of Texas dated April 3, 1934.

(e) From shipping or causing to be shipped and transported any products of crude petroleum oil from the refinery owned and operated by the appellant, which product is manufactured and processed in the state of Texas, unless and until appellant has obtained a permit cover-

ing such shipment issued in conformity with the provisions of the order of the Railroad Commission of Texas dated December 5, 1934.

From such order, Culver appeals.

This case is distinguishable from Foshee Refining Company v. State (Tex. Civ. App.) 73 S.W.(2d) 1098, cited by appellant as is pointed out by Chief Justice Johnson in Tyreco Refining Co. v. State, supra. The distinguishing feature is the allegation of the present petition showing that Culver is engaged in producing, storing, and transporting crude petroleum. Under the ruling in the case last cited, the attack made by Culver upon the authority of the court to grant the temporary injunction as ordered is without merit.

Affirmed.