## EX PARTE DICK DUNCAN.

No. 6873. Decided June 17, 1936.
(95 S. W., 2d Series, 675.)

*F. W. Fischer,* of Tyler, for relator.

On the question of whether the court had jurisdiction of the matter in controversy, out of which grew the proceedings for contempt, see: Ex Parte Lange, 18 Wall. (85 U. S.) 177; Ex parte Rowland, 104 U. S., 612; Brougham v. Oceanic Steam Navigation Co., 205 Fed., 859.

*William McCraw,* Attorney General, *Merton Harris, Tom D. Rowell, Jr.,* and *L. H. Engelking,* Assistants Attorney General, for respondent.

The burden rests upon the relator to show that the judgment of the Honorable Court of Civil Appeals adjudging him in contempt is void. Ex Parte Smith, 110 Texas, 55, 214 S. W., 320; Ex Parte Lytle, 99 Texas, 405, 89 S. W., 956.

MR. JUSTICE SHARP delivered the opinion of the court.

On December 17, 1934, the Honorable Walter G. Russell, District Judge of the Seventh Judicial District of Texas, in Cause No. 5637A, styled the State of Texas et al. v. Tyreco Refining Company, a corporation, granted plaintiffs' application for a temporary writ of injunction, and from which judgment an appeal was taken to the Court of Civil Appeals for the Sixth Supreme Judicial District at Texarkana. On February

14, 1935, relator, Dick Duncan, was adjudged guilty of contempt of that court for violating the terms of the injunction issued by the district judge of Smith County, and a commitment was issued directing that Duncan be taken into custody by the Sheriff of Bowie County and held for ten days. Relator seeks by original habeas corpus proceedings release from this commitment. This writ was issued on the application of relator on the 16th day of February, 1935.

On March 1, 1935, the Court of Civil Appeals affirmed the judgment of the trial court. Tyreco Refining Co. v. State, 81 S. W. (2d) 291. On November 13, 1935, the application for writ of error was dismissed by this Court. (125 Texas, 659).

We quote from the opinion of the Court of Civil Appeals rendered in this case as follows:

"The appeal is from an interlocutory order granting a temporary injunction against the Tyreco Refining Company, Incorporated, entered by the judge upon the plaintiffs' verified petition, and before issuance of notice to the defendant.

"The suit is brought in the name of The State of Texas and the Railroad Commission of The State of Texas appearing by and through the Attorney General of the State of Texas acting at the requests and by direction of the Railroad Commission of Texas, and seeks to recover statutory penalties against the defendant, Tyreco Refining Company, a corporation, for alleged violation of certain provisions of Revised Statutes, Title 102, particularly Article 6049c, as added by Acts of 1931, 42d Legislature, First Called Session, Chapter 26, page 46; and for alleged violations of certain orders, rules and regulations of the Railroad Commission of the State of Texas, particularly its orders of February 15, 1933, and April 3, 1934, and December 5, 1934, made a part of plaintiffs' petition and alleged to be valid orders promulgated and passed by the Railroad Commission of Texas to prevent the waste of crude petroleum oil. Said orders in substance and effect provide:

"Order of February 15, 1933: That oil produced in the East Texas field shall not be delivered, accepted, transported or otherwise handled by any person, firm or corporation without having a tender therefor issued by the Railroad Commission in terms as provided for in the order.

"Order of April 3, 1934: Requires each refinery to file daily reports with the Oil and Gas Division of the Railroad Commission showing the amount of oil purchased each day and from whom purchased and the amount sold and/or run to stills and

processed each day; and the filing of monthly reports giving specified data.

"Order of December 5, 1934: Requires that every person owning or processing any product of crude oil who desires to have tansported such product from any oil field in the State of Texas or from any refinery or any other plant, must first secure from the Railroad Commission of Texas a permit in writing authorizing such person to have such product so transported, and that certain information shall be furnished the Railroad Commission precedent to issuance of said permit.

"The petition shows that defendant is a party amenable to the provisions of said orders of the Railroad Commission of Texas, under the terms of R. S., Article 6049c, subjecting thereto 'any party engaged in the production, storage or transportation of crude petroleum oil or natural gas,' by allegations as follows:

" 'That the defendant, Tyreco Refining Company, is by its charter authorized to and is in fact engaged in storing, transporting, buying and selling oil and gas, salt, brine, and other mineral solutions. This corporation accepts and adopts all provisions of Chapter 15, Title 32, of the R. C. S. of 1925 and amendments thereto, and shall have all the powers and be subject to the limitations therein contained.'

"The petition states specific acts alleged to have been committed by the defendant on certain dates which constitute violations of each of said orders of the Railroad Commission, and further alleges:

" 'That the defendant has hereto failed and refused and still fails and refuses to comply with said orders, rules and regulations, and has been and is purchasing and transporting and handling crude petroleum which was produced in excess of the amount allowed by the orders, rules and regulations of the Railroad Commission of the State of Texas, and without in anywise complying with said order of February 15, 1933, and said order of April 3, 1934, and said order of December 5, 1934.'

"Plaintiff prays for judgment, for penalties, for a receiver, foreclosure of lien, and for temporary injunction, and that upon hearing such temporary injunction be made permanent, restraining the defendant, its agents, servants and employees:

"(a) From further purchasing or transporting, or handling crude petroleum produced from any property in the East Texas field in excess of the amount allowed by the orders, rules, and regulations of the Railroad Commission set out,

"(b) From further purchasing or transporting or handling crude petroleum without complying with said order of February 15, 1933,

"(c) From further purchasing, handling, transporting, refining, marketing, and processing crude oil without complying with said order of April 3, 1934,

"(d) From shipping or causing to be shipped or transported any product of crude petroleum oil from any oil field or from any refinery, topping plant, blending plant, gasoline plant, or other plant, at which the product is manufactured and processed, situated within the State of Texas, unless and until a permit for such shipment has been issued therefor in conformity with the provisions of said order of December 5, 1934."

On the 12th day of January, 1935, the appellees in Cause No. 4924, Tyreco Refining Company v. State of Texas et al., pending in the Court of Civil Appeals for the Sixth Supreme Judicial District of Texas, filed their affidavit and motion in contempt, wherein it was alleged that Dick Duncan during the pendency of the appeal aforesaid had committed certain acts constituting contempt of said Court of Civil Appeals, and the motion was set down for hearing on February 1, 1935, and notice thereof given to Dick Duncan and his attorney of record. On February 1, 1935, the motion and affidavit in contempt, together with the answer thereto, were heard by the Court of Civil Appeals, and on the 14th day of February, 1935, the court announced its order, judgment, and decree thereon. The order recited in substance, among other things, that on the 17th day of December, 1934, the Honorable Walter G. Russell, District Judge of the Seventh Judicial District of Texas, in Cause No. 5637A, styled the State of Texas et al. v. Tyreco Refining Company, a corporation, granted plaintiffs' application for a temporary writ of injunction restraining the defendant, its officers, agents, servants, and employees from committing, among others, the acts set out above in the opinion of the Court of Civil Appeals under subdivisions (a), (b), (c), and (d) thereof.

On December 18, 1934, defendant filed its bond, perfecting its appeal from the trial court to the Court of Civil Appeals at Texarkana. On January 3, 1935, a transcript of the record was filed in the Court of Civil Appeals. On January 12, 1935, motion and affidavit of complainant seeking to have Dick Duncan adjudged in contempt of the Court of Civil Appeals, for violation of said injunction, were filed in the Court of Civil

Appeals. On February 1, 1935, the hearing and trial were had on the contempt proceedings, and it was made to appear to the Court of Civil Appeals that Dick Duncan, officer and agent of the Tyreco Refining Company, after the appeal of the case had been perfected to the Court of Civil Appeals, and on, to wit, the 6th, 9th, 10th, 11th, 12th, 13th, 14th, 15th, and 16th days of January, 1935, had violated the injunction and committed the acts restrained, and in particular of causing and suffering to be removed and transported by trucks refined petroleum products from its refinery at Arp, in Smith County, Texas, without having obtained any permit or tender therefor from the Railroad Commission of the State of Texas, required by its order of December 5, 1935. The court concluded its order in the following language:

"Upon due consideration of the record and of the evidence presented to this court, we find that said injunction was a valid and subsisting order and was not for any reason void, and that while the case has been pending on appeal in this court, the respondent, Dick Duncan, an officer and agent of said corporation, and after notice, did on the dates and in the manner hereinabove stated, violate the terms of said injunction.

"Wherefore it is adjudged, by reason of the premises, that the respondent, Dick Duncan, is guilty of contempt of this court and that punishment of the said Dick Duncan be and is hereby assessed at imprisonment in the county jail for a period of ten (10) days, and that a capias forthwith issue herein commanding the Sheriff or any Constable of Bowie County, Texas, to arrest the respondent, Dick Duncan, and place him in jail in Bowie County, Texas, and there safely keep him in prison for the full period of ten (10) days."

Relator in his petition to this Court for the writ of habeas corpus alleges:

"Petitioner would show to the court that the judgment of said Court of Civil Appeals adjudging him in contempt of said court and ordering him committed to jail as hereinafter set forth, is void for the following reason, to wit:

"That the order of injunction issued by the District Court of Smith County is void in that particular wherein the petitioner was restrained from transporting or causing to be transported by truck or otherwise any refined products without obtaining a permit therefor from the Railroad Commission, as provided by its order of December 5th, 1934, as the District Court had no power or authority to issue said injunction, conceding that it had power and authority to enjoin the petitioner

from producing, transporting, or storing crude petroleum in violation of the orders of the Railroad Commission."

We quote also the following from the opinion of the Court of Civil Appeals:

"Appellant, Tyreco Refining Company, makes the contention before this Court that it is a corporation organized for the purpose of conducting the business of refining and processing crude petroleum and the derivatives therefrom, and that it is engaged in such business, and that it is not now and has never been engaged in the business of production, storage, or transportation of crude petroleum, and that the crude petroleum which it processes and refines has been produced by other persons and corporations and transported and delivered to the refining plant of defendant. This contention is in effect merely a denial, filed only in this Court, to the facts alleged in plaintiffs' petition. In review of the case this Court is limited to the record as made in the lower court, which in this instance is the verified petition of plaintiff. R. S., Art. 4662; Beck v. Priddy (Com. App.), 252 S. W., 476; Lane v. Jones, 167 S. W., 177; Moore v. Plott, 206 S. W., 958; City of Fort Worth v. First Baptist Church, 268 S. W., 1016; 24 Tex. Jur., Secs. 249 and 250, pp. 306-307.

"Appellant makes the further contention that the District Court was without jurisdiction or authority to issue the restraining order appealed from in this case. This contention of appellant cannot be sustained for the reason that Article 6049c specifically authorizes the issuance of such restraining orders on petition of the Railroad Commission of Texas, 'Whenever it shall appear that any party engaged in the production, storage or transportation of crude petroleum oil or natural gas is violating any statute of this State or any valid rule, regulation or order of the Commission promulgated to correct, prevent, or lessen the waste of crude petroleum oil or natural gas . . .' The petition is sufficient in showing that the defendant is subject to compliance with the orders of the Railroad Commission, as being 'any party engaged in the production, storage, or transportation of crude petroleum oil or natural gas,' within the provision of Article 6049c specifically authorizing issuance of injunctions against such parties violating such orders of the Railroad Commission."

It is contended here, as in the Court of Civil Appeals, that the opinion in the case of Foshee Refining Co. v. State et al., 73 S. W. (2d) 1098, controls this case. Since the foregoing opinion was rendered by the same Court of Civil Appeals that

rendered the opinion in this case, and in which the two cases are distinguished, we again quote from the opinion of the Court of Civil Appeals in this case as follows:

"Appellant contends that plaintiffs' petition in this case is similar to and comes within the holding of this court in the case of Foshee Refining Co. v. State et al., 73 S. W. (2d) 1098. The petition in this case is similar in its allegations to the petition which this court had under consideration in the Foshee Case, except in one material particular, namely, the petition in the Foshee Case was wanting in the particular allegations wherein the present petition affirmatively alleges that the 'defendant is by its charter authorized to and is in fact engaged in the storing and transporting of oil and gas, etc.,' which allegations bring the appellant within the provisions of article 6049c authorizing the issuance of injunction to restrain it from violating the orders of the Railroad Commission. The law applicable to the petition before this court in the Foshee Case was by Judge Levy in his usual language clearly and distinctly stated. We think that case was correctly decided. It was reversed for want of the particular allegations above mentioned which were present in the petition in this case. It is sufficient to note the material difference between the two petitions in the particulars above mentioned."

■ The authorities hold that in order to justify the court to find for contempt, three things are necessary: (1) Jurisdiction of the subject matter; (2) jurisdiction of the person; and (3) authority of the court to render the particular judgment. Ex parte Britton, 127 Texas, 85, 92 S. W. (2d) 224; 9 Tex. Jur., p. 641, and cases cited.

■■ This is not an appeal from the judgment entered by the Court of Civil Appeals against relator for contempt. It is an effort by resort to habeas corpus proceedings to obtain release from the commitment issued by that court. This Court has consistently held that a resort to habeas corpus proceedings here constitutes a collateral attack upon the judgment of contempt entered by the lower court, and a writ of habeas corpus cannot take the place of an appeal, certiorari, quo warranto, or writ of error. In order to obtain relief from the order of contempt entered herein, it must be shown that the order or writ of commitment is absolutely void, and such voidness must rest solely on the lack of jurisdiction. Ex parte Lee, 127 Texas, 256, 93 S. W. (2d) 720; Ex parte Kimberlin, 126 Texas, 60, 86 S. W. (2d) 717; Ex parte Testard, 101 Texas, 250, 106 S. W.,

319. See, also, 29 C. J., pp. 24 to 29, secs. 18 and 19, and cases cited in notes.

■ The Legislature has passed regulatory measures to prohibit the waste of oil and gas in the State. (Title 102, Vernon's Annotated Texas Civil Statutes, Art. 6004, and supplements thereto.) The duty to carry out the details under the statutes is placed on the Railroad Commission. That the Railroad Commission has such power under the Constitution and laws of this State, has been repeatedly upheld. Brown v. Humble Oil & Refining Co., 126 Texas, 296, 83 S. W. (2d) 935, 99 A. L. R., 1107, and authorities cited.

As stated above, the State of Texas et al. filed this suit against the Tyreco Refining Company, a corporation, by virtue of the provisions of H. B. No. 25, Chap. 26, p. 45, 42d Leg., First Called Session, and which was amended particularly by the Acts of 1935, 44th Leg., p. 180, Chapter 76, now Article 6049c, Vernon's Annotated Texas Civil Statutes. Section 4 thereof (Acts 1931, 42nd Leg., 1 C. S., ch. 26, p. 46) reads:

"Whenever it shall appear that any party engaged in the production, storage or transportation of crude petroleum oil or natural gas is violating any statute of this State or any valid rule, regulation or order of the Commission promulgated to correct, prevent, or lessen the waste of crude petroleum oil or natural gas, the Commission, through the Attorney General, may bring suit against such party in any court of competent jurisdiction in Travis County, Texas, or in the county of the residence of the defendants, or any of them, or in the county in which such violation is alleged to have occurred, but not elsewhere, to restrain such party from violating such rule, regulation, or order, or any part thereof, and in such suit the Commission may obtain such preliminary restraining order or temporary or final injunction as the facts may warrant."

Section 14 reads:

"The purchase, transportation or handling of crude petroleum oil or natural gas produced from any property in excess of the amount allowed by any statute or any rule, regulation or order of the Commission is hereby prohibited, and the Commission shall have power to enjoin any violation of this section."

The Act further provides that any party feeling aggrieved by any order, rule, or regulation of the Railroad Commission shall be entitled to judicial review in a manner provided by existing laws.

■ Thus it will be seen that the law under which this proceeding was instituted specifically gave the trial and appellate courts jurisdiction of this very question. When an appeal was taken from the order granting a temporary restraining order by the trial court to the Court of Civil Appeals, the order was not suspended, and the Court of Civil Appeals acquired jurisdiction of the matter. Where the Court of Civil Appeals acquires jurisdiction of a question, that court has the right and power to issue all writs necessary to enforce and protect its jurisdiction. Section 6, Article 5, of the Constitution; Articles 1823 and 6049c, Vernon's Annotated Texas Civil Statutes; 11 Tex. Jur., p. 908, sec. 131.

■ It is not shown that the judgment of contempt or the writ of commitment is absolutely void. That is the sole question for decision here. The great weight of authority sustains the following rule:

"The right of a person to the writ of habeas corpus depends upon the legality or illegality of his detention, and this in turn depends upon whether the fundamental requirements of law have been complied with, and not at all upon the guilt or innocence of the prisoner, or the justice or injustice of his detention on the merits. A judgment or order under which the petitioner is held must be void for want of jurisdiction, and not merely erroneous and voidable, to support a writ of habeas corpus, because such writ constitutes a collateral attack upon the judgment or order and is not a writ of review." 29 C. J., p. 24, sec. 18. See, also, 29 C. J., pp. 25-29, sec. 19, and cases cited in notes.

The rule as it exists in this State was aptly stated by Judge Williams, speaking for the Supreme Court, in the case of Ex parte Testard, 101 Texas, 250, 106 S. W., 319, 320, which involved habeas corpus proceedings, as follows:

"This is not an appeal from the judgment of the district court, but an application for the release of the relator, which can be sustained only by making it appear that the judgment is void. * * * The judgment, therefore, is valid against collateral attack, and no amount of evidence offered before this court, tending to show that the relator was in fact innocent of the charge, can now avail him. The question of his guilt or innocence was for the trial court, and was concluded by its judgment pronounced after a hearing."

It clearly appears that in order for relator to be entitled to be discharged by this Court it must be shown that he is restrained by an order or writ of commitment that is absolutely

void for lack of jurisdiction. This record fails to show such a state of facts. Therefore the order granting a temporary writ of habeas corpus is set aside, and relator is remanded to the custody of the Sheriff of Bowie County to carry out the judgment of the Court of Civil Appeals.

Opinion delivered June 17, 1936.