## EX PARTE SETH TESTARD.

### No. 1776.    Decided January 8, 1908.

**1.—Injunction—Clerical Error.**

The fact that an injunction issued November 9, 1907, upon a petition filed the day preceding commanded the defendant to refrain from certain acts until the further order of court on the hearing at the term thereof commencing January 1, 1907, did not make the writ invalid. The date of the term was an obvious clerical mistake, and defendant was under obligation to obey the writ and liable to punishment for contempt in disobeying. (P. 252.)

**2.—Injunction—Violation—Contempt—Motion—Notice.**

The fact that the notice of a motion to punish for contempt in disobeying an injunction gave a date for the alleged act of contempt differing from that stated in the motion did not affect the validity of the judgment rendered on hearing punishing the defendant for violating the injunction. (P. 252.)

**3.—Injunction—Ticket Scalper—Contempt.**

On habeas corpus by one in custody upon a judgment for contempt of court in violating an injunction against the sale of non-transferable railroad tickets, objections to the injunction going to show that it was erroneously issued cannot be considered, the question being whether or not the writ was void. (Pp. 252, 253.)

**4.—Injunction—Sale of Railroad Tickets.**

The right to an injunction against dealing in non-transferable railroad tickets sold at a reduced rate is not limited to tickets already issued. Lytle v. Galveston, H. & S. A. Ry. Co., 100 Texas, 292, explained. (P. 253.)

**5.—Same.**

Where injunction was properly issued against the act defendant committed it is no defense that, as to other acts, not involved, the injunction went too far, nor, it seems, would it justify disobedience to the writ that the injunction against the particular act committed was improperly issued. (P. 253.)

**6.—Same—Interstate Commerce.**

It would not affect the validity of defendants conviction for contempt in violating an injunction by sale of a ticket for railway transportation within the State only, if the injunction, by extending to tickets for interstate transportation also, exceeded powers of the court; but it seems, further, that the rights of the courts of the State to protect the business of carriers from such unlawful interference is not affected by the interstate character of the business. (P. 253.)

**7.—Contempt—Judgment—Habeas Corpus.**

On contempt for violation of an injunction not committed in the presence of the court the accused is entitled to a hearing. Whether unfairness, refusal to hear defense, or condemnation without evidence, and what degree thereof, if any, might be held a substantial denial of a hearing, entitling the defendant to discharge upon habeas corpus, is a doubtful question; but to establish this right the complaining party must bring before the court all the proceedings of the trial court resulting in his conviction, and show that it was no trial in fact, He can not meet this requirement by showing that he was innocent of the charge, for the judgment is good against such collateral attack. (Pp. 253, 254.)

Original proceeding in the Supreme Court on writ of habeas corpus obtained by Testard against John W. Tobin, Sheriff of Bexar County, by whom he was held in custody on a commitment for contempt from the District Court.

*Tarlton & Camp, Salliway & McAskill* and *C. M. Chambers,* for relator.

*Robert V. Davidson,* Attorney-General, *Jas. D. Walthall,* Assistant, and *C. A. Davies,* for State.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

This writ was issued on the application of relator, Testard, complaining that he was restrained of his liberty by the sheriff of Bexar County by virtue of a commitment issued out of the District Court of that county upon a judgment thereof convicting relator of contempt of court in disobeying a writ of injunction previously issued

and served. It is unnecessary to cite authorities to the proposition that this court is restricted to the inquiry whether or not the commitment is void. Its nullity is asserted on several grounds, the first of which is that the writ of injunction, for disobedience of which relator is held, was void and insufficient to support a charge of contempt consisting in the violation of it. The writ was issued on the 9th day of November, 1907, reciting that the petition for injunction and the order of the district judge granting it had been filed November 8, 1907, and enjoining the defendant from doing the forbidden acts until the further order of said court to be held on the first Monday in January, 1907. It is thus seen that by its terms the writ was returnable at a time antecedent to its issuance. The clerical error is apparent and could have misled no one. When served on the relator on November 11, 1907, the writ informed him of the order of the judge, the filing of the petition and the issuance of the writ, all at dates prior to such service. This knowledge was sufficient to make it his duty to obey the writ, and to bring him in contempt of the court when he disregarded it. (22 Cyc., 1013, and cases cited.)

It is next objected that the notice of the motion made against him for the alleged contempt varied from that motion, in that it stated that the motion charged the act of violation to have been committed on the 11th, when in truth the allegation was that the act was committed on the 22d of November, 1907. But this can not affect the validity of the conviction. The notice brought the relator before the court and, according to the record, a hearing was had upon the charge contained in the motion, and it was of that he was convicted. We must assume that the hearing was full and fair and that ample opportunity was given him to meet the charge actually made. If so, the mere error in the notice as to the time the act was alleged to have been done became immaterial even if in any case such an irregularity could be held material to the validity of the judgment of conviction.

The injunction forbade the purchase and sale by relator and others, as ticket brokers or "scalpers," of non-transferable coupon tickets of kinds designated in the writ and in the petition of the plaintiffs, who were several railroad companies engaged in the carriage of passengers. The case was much like that of Lytle v. Galveston, H. & S. A. Ry. Co., 100 Texas, 392, 99 S. W. Rep., 396, and need not be more fully stated. It is objected to the proceeding that there was a misjoinder of parties; that the writ prayed for and granted applied to tickets to be issued thereafter, as was the one sold by relator in the sale whereof he is charged to have been guilty of contempt; that the writ also applied to tickets for transportation between points within and points without the State and that this was a regulation of, or an interference with, interstate commerce.

All of these objections might be disposed of by saying that they present nothing that can be urged in justification or excuse of a disregard of the injunction. Any merit they may have can receive proper recognition when properly presented in the progress of the

cause in which the injunction issued, but not · in this proceeding. The question here is not whether the writ was erroneously issued but whether or not it was void. If it were admitted that all of these objections would be sound if urged at the proper time and place,. this would not establish the proposition asserting the nullity of the injunction, nor that it was not the duty of the parties enjoined to obey it while in force. But we think it proper to say that this court did not hold in the Lytle case, as seems to be supposed, that tickets must have been issued in order to entitle the railroad companies to obtain an injunction to protect their right to issue and sell them from unlawful interference. On the contrary we expressly held that the right to issue them in the future could be thus protected, subject to the limitations laid down in the opinion.

The petition and the writ in this case undoubtedly stated a case in which, under the decision referred to, the right to the injunction existed, and the ticket which relator is charged with selling fell within the class thus protected. If the petition and writ went further, and if it were conceded that it was to that extent invalid, the concession would not help the relator. He sold a ticket, the sale of which, under any view, was properly enjoined. But we can not admit the proposition that he had the right to disregard any part of the writ. We think it proper to say further that, if it were conceded that the courts of the State are without power to protect carriers of passengers in their interstate, as well as in their intrastate. transportation, this could not avail. The injunction applied also to intrastate tickets and that in question belonged to that class. But we are unable to see that the power of the courts of the State to protect the business of carriers of passengers from unlawful interference is at all affected by the character of the business, as interstate or intrastate.

The other objections to the conviction are based upon affidavits filed in this court for the purpose of showing either that the District Court did not give relator a full hearing upon the charge of contempt, or that he was not guilty as charged. The record shows that a charge stating under oath the violation of the writ was filed; that notice was issued to and served upon relator; that he appeared, excepted to and answered the charge; that a hearing was had, judgment of conviction was pronounced and a commitment was issued. No irregularity sufficient to invalidate the proceedings appears upon their face. The court undoubtedly acquired jurisdiction of the cause and of the person of the relator. It is a serious question; under the authorities, whether or not this court may, in hearing this application, go behind a judgment thus reached for the purpose of ascertaining whether or not the facts before the District Court justified it. Certainly the inquiry, if made at all, must be confined to the question of the power of the District Court to render the particular judgment of conviction. (Ex parte Degener, 30 Texas Crim. App., 574; 17 S. W. Rep., 1111; Ex parte Cash, 50. Texas Crim. Rep., 623; 99 S. W. Rep., 1118.

As the relator, upon the charge of a contempt not committed in the presence of the court, was entitled to a hearing, it may be that,

if it were made to appear that that which the proceedings treat as hearing was not such in substance and in fact, but was really a condemnation without hearing, this would invalidate the conviction and entitle relator to a discharge. It may be that if it conclusively appeared that opportunity was denied to relator to adduce evidence in his defense, or that the court convicted him without any evidence whatever of his guilt, that this would justify the conclusion that there was not such a hearing as was essential to the validity of the judgment. The determination of questions like this which might be made in cases that might be supposed is unnecessary here, for the reason that they could only be determined from the proceedings, all of the proceedings, before the trial court, and no effort has been made to reproduce before us those had in the present case beyond the written record already stated. This is not an appeal from the judgment of the District Court, but an application for the release of the relator, which can be sustained only by making it appear that the judgment is void. An attack based upon the charge that a hearing was denied, or that a conviction was adjudged without any evidence, necessarily depends for its success upon what was done in the trial court and must be supported by a showing of al' that occurred there. No attempt at such a showing has been made and we must presume that there was a hearing, that opportunity to adduce evidence was allowed, and that there was evidence tending to support the conclusion of the court expressed in the judgment. The judgment, therefore, is valid against collateral attack, and no amount of evidence offered before this court, tending to show that the relator was in fact innocent of the charge, can now avail him. The question of his guilt or innocence was for the trial court, and was concluded by its judgment pronounced after a hearing. Nothing is made to appear which would justify this court in enlarging the relator and he is therefore remanded to the custody of the sheriff of. Bexar County to undergo the punishment adjudged by the District Court.

*Relator remanded.*