EX PARTE JAMES HENRY SANDERS

No. 31,601. January 20, 1960
Motion for Rehearing Overruled March 2, 1960

108

*Brown & Brown,* by *Wm. V. Brown, Jr.,* Texarkana, for relator.

*Leon Douglas,* State's Attorney, Austin for the state.

WOODLEY, Judge

Appellant was found guilty by a jury and assessed one year in jail and a fine of $1.00 in a negligent homicide case. The judgment became final and capias was issued.

Following his arrest under the capias, release by habeas corpus was sought in his behalf, alleging that he was illegally restrained under the judgment and capias.

The writ was granted and hearing was had, following which appellant was remanded to custody. He appeals from such order.

The contention is that the complaint and information alleged that he was engaged in the performance of an act made punishable by Art. 801 (A) V.A.C.C.P. as a misdemeanor, the applicable punishment being imprisonment in jail not exceeding three years or by fine not exceeding $3,000.00 (Art. 1242 P.C.), whereas the punishment which the jury assessed was that applicable when the unlawful act was not an offense against the penal code, but one for which an action would lie. Art. 1243 P.C. authorizes punishment under these facts "by fine not exceeding one thousand dollars *and* by imprisonment in jail not exceeding one year."

The information alleged that appellant unlawfully drove an

automobile upon the left hand side of a public highway "when the said lefthand side of said public highway was not then and there clear and unobstructed for a distance of 50 *years* ahead" and that while engaged in the performance of such unlawful act, by negligence, caused the death of Karen Louise Garrett.

We treat the information alleging 50 *years* rather than 50 *yards* as clerical error in the preparation of the transcript, no point being raised.

The court, in his charge, recited the allegation as 50 yards. He submitted the case to the jury as negligent homicide while engaged in the commission of a misdemeanor offense, and also instructed that if the act was not an offense against the penal law but was one that will give a just occasion for a civil action, and that the homicide resulted from such act, a fine not exceeding $1,000.00 and imprisonment in jail not exceeding one year would be the punishment.

The jury's verdict found appellant "guilty of a misemeanor" and assessed the punishment at a fine of $1.00 and one year in jail.

Appellant cites Taylor v. State, 155 Tex. Cr. R. 253, 233 S.W. 2d 853, and Garrett v. State, 161 Tex. Cr. R. 556, 279 S.W. 2d 366, in support of his contention that the act was a misdemeanor offense, punishable under Art. 801 (A) P.C. He overlooks the fact that in Lane v. State, 165 Tex. Cr. Rep. 222, 305 S.W. 2d 595, the holding in Garrett v. State was overruled and this court held that Sec. A of Art. 801 P.C. was no longer a valid criminal statute, it having been superseded by Art. 6701d V.C.S. The holding in Lane v. State, to which the writer dissented, makes inapplicable the prior holding of this court in Taylor v. State, supra.

As to the verdict, we cannot agree that it constituted a finding by the jury that appellant was engaged in the commission of an unlawful act "known as a misdemeanor," making applicable the punishment provided in Art. 1242 P.C. Art. 1243 P.C., fixing the punishment where the act is one for which an action would lie but not an offense against the penal code, specifically provides that "the homicide resulting therefrom is a misdemeanor, and may be punished by fine not exceeding one thousand dollars *and* by imprisonment in jail not exceeding one year.

The verdict "We, the jury, find the defendant guilty of a misdemeanor and assess his punishment at a fine of One (1) Dollar and One (1) year in jail" closely follows the language of Art. 1243 P.C. and was properly construed as a finding under that portion of the charge relating to homicide punishable under that statute.

This being an indirect attack upon the judgment of conviction, the sufficiency of the information as a pleading or of the evidence is not before us for review. We decide only that the judgment is not void because of the punishment assessed.

The judgment remanding relator to custody is affirmed.