Lonnie CLEMONS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 40287.

Court of Criminal Appeals of Texas.

April 12, 1967.

Motion to Reinstate Appeal Denied
May 17, 1967.

Wm. H. Hamblen, Edna, for appellant.

Sam L. Gayle, Jr., County Atty., Edna, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

The conviction is for a violation of the liquor laws; with punishment assessed at a fine of $500.

Notice of appeal was given after January 1, 1966.

The record on appeal does not include sentence pronounced by the court, as required by Arts. 40.09(1) and 42.02 Vernon's Ann.C.C.P.

The appeal is dismissed.

## OPINION ON APPELLANT'S MOTION TO REINSTATE APPEAL

ONION, Judge.

In dismissing his appeal, appellant insists that the Court overlooked the sentence contained in the record. The instrument to which he now directs our attention is the judgment of the Court, not the sentence. Since the effective date of the 1965 Code of Criminal Procedure, a sentence must be pronounced in every felony case and in every misdemeanor case, except where the maximum possible punishment is by fine only. Article 42.02, V.A.C.C.P. Further, Article 42.04, V.A.C.C.P. requires that the sentence in a case like that at bar shall be pronounced before the appeal is taken.

We observe that the written notice of appeal contained in the record expressly states that sentence was imposed. If such a sentence was pronounced and entered of record, but was not included in the record on appeal as required by Article 40.09, Section 1, V.A.C.C.P., it may be forwarded to this Court under proper certification. See Culbert v. State, Tex.Cr.App., 415 S.W.2d 646.

If a sentence was in fact pronounced in the case at bar but there was a failure for some reason to enter such sentence it may be entered nunc pro tunc. Article 42.06, V.A.C.C.P.

If, on the other hand, no sentence was ever pronounced, the trial court may now pronounce sentence and appellant may then appeal from that sentence if he so desires.

Appellant's motion to reinstate his appeal is overruled.