**Richard William PAYNE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 43946, 43947.**

Court of Criminal Appeals of Texas.

Oct. 20, 1971.

Charles W. Tessmer, Ronald L. Goranson, Dallas, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## ON APPELLANT'S MOTION
## FOR REHEARING

ONION, Presiding Judge.

Our original opinion is withdrawn and the following is substituted in lieu thereof.

■ These are appeals from misdemeanor convictions for unlawful possession of Amphetamine, a dangerous drug, and unlawfully carrying a pistol. The cases were jointly heard before the court without the intervention of a jury. A fine of $100 and court costs were assessed in each case.

We noted that in each case the record reflects the sentence was pronounced on April 23, 1970, the same day the case was tried and judgment entered.

Article 42.03, Vernon's Ann.C.C.P. relating to sentences in felony and misdemeanor cases, provides that such sentence shall be pronounced "at any time after the expiration of the time allowed for making the motion for new trial or the motion in arrest of judgment * * *." Articles 40.05 and 41.02, V.A.C.C.P., provide that a motion for a new trial and a motion in arrest of judgment must be made within ten days after conviction.

■ Therefore, sentence is not to be pronounced until after expiration of the time for filing such motions. Adams v. State, Tex.Cr.App., 440 S.W.2d 844 (1969).

The sentences here involved are silent as to any waiver by the appellant of the time allowed by law to file such motions. In fact, a motion for new trial was actually filed on the same day sentence was pronounced in each case, and this was followed in each case by an amended motion for new trial some days later. All of this militates against the possibility of waiver.

The sentences in these causes having been improperly and untimely entered, this court is without jurisdiction to entertain these appeals. Article 42.04, V.A.C.C.P.; Yordy v. State, Tex.Cr.App., 425 S.W.2d 352; Adams v. State, supra.

The sentences may now be properly pronounced and entered and the accused may give notice of appeal, and in such event proceedings pursuant to Article 40.-09, V.A.C.C.P., may be had. Adams v. State, supra. In proceeding under Article 40.09, supra, the trial court will have an opportunity to clarify the several questions as to the certification and correctness of the appellate record which have been raised by the appellant.

For the reasons stated, the appeals are dismissed.