Richard William PAYNE, Appellant,

v.

The STATE of Texas, Appellee.

No. 44459.

Court of Criminal Appeals of Texas.

March 15, 1972.

Charles M. Tessmer, Ronald L. Goranson, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle and Robert T. Baskett, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for receiving and concealing stolen property. Trial was before a jury, with punishment assessed by the court at imprisonment for five years.

The record reflects that the verdict of the jury was received, and judgment was rendered on March 5, 1970. Sentence was pronounced and notice of appeal was given on March 6, 1970.

Article 42.03, Vernon's Ann.C.C.P. provides that sentence shall be pronounced "at any time after the expiration of the time allowed for making the motion for a new trial or the motion in arrest of judgment . . ." Articles 40.05 and 41.02, V.A.C.C.P., provide that a motion for new trial and a motion in arrest of judgment must be made within ten days after conviction.

■ Therefore, it appears that the sentence in the present case was untimely and improperly entered. The sentence is silent as to waiver by appellant of the time to file such motions, and no other indication of waiver appears in the record. A motion for new trial was filed on the same day that sentence was pronounced, a fact which militates against waiver.

■ The sentence having been improperly and untimely entered, this Court is without jurisdiction to entertain the appeal and the appeal must be dismissed. Payne v. State, 471 S.W.2d 815 (Tex.Cr.App.1971); Adams v. State, 440 S.W.2d 844 (Tex.Cr.App.1969); Gonzales v. State, 440 S.W.2d 847 (Tex.Cr.App.1969).

The sentence may now be properly pronounced and entered, and appellant may give notice of appeal. In such event, proceedings pursuant to Art. 40.09, V.A.C.C.P. may be had. Payne v. State, supra; Adams v. State, supra; Gonzales v. State, supra.

For the reason stated, the appeal is dismissed.