Thomas Louell **MATHESON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45834.

Court of Criminal Appeals of Texas.

March 21, 1973.

**274**

Donald B. Friedman, Texarkana, for appellant.

Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The offense is murder without malice; the punishment, four years.

Initially, we are confronted with a jurisdictional problem in this cause. The record reflects that judgment was entered on August 10, 1970; sentence was pronounced on August 12, 1970; appellant's motion for new trial and his amended motion for new trial were filed on August 20, 1970; notice of appeal was given on September 25, 1970.

The record is silent as to any waiver of the ten days in which to file a motion for new trial or in arrest of judgment. If the sentence was improperly and untimely pronounced without a waiver by the appellant prior to the expiration of the time allowed by law in which to file a motion for new trial or in arrest of judgment, then there is no proper sentence in this cause and we are without jurisdiction to hear this appeal. Bedell v. State, 443 S.W.2d 850 (Tex.Cr.App.1969). If the sentence was

properly entered on August 12, 1970, then the notice of appeal was not given within the proper time limit. Article 44.08, Vernon's Ann.C.C.P. For either of the reasons stated, this appeal should be dismissed, subject to the following procedure:

If the court finds that it has untimely and improperly pronounced sentence and the accused desires to be heard on his timely filed and presented motion for new trial or in arrest of judgment, then the sentence should be set aside and repronounced in the event the motions are subsequently overruled. Appellant may then give notice of appeal. Payne v. State, 477 S.W.2d 581 (Tex.Cr.App.1972).

The appeal is dismissed.