James Franklin BAKER, Appellant,

v.

The STATE of Texas, Appellee.

No. 45937.

Court of Criminal Appeals of Texas.

March 28, 1973.

Ben D. Sudderth, Comanche, for appellant.

Gary R. Price, County Atty., Brownwood, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for aggravated assault upon an officer. Punishment was assessed by the jury at twelve months.

The record before us does not include a judgment in compliance with Article 42.01, Section 9, Vernon's Ann.C.C.P.,[1] nor does it include a sentence as required by Article 42.02, V.A.C.C.P.[2]

Further, Article 42.04, V.A.C.C.P., requires that sentence be pronounced before an appeal is taken in a case of this nature.

The record on appeal shall include whether designated or not, copies of the judgment and sentence (where required). Article 40.09, Section 1, V.A.C.C.P.

 The absence of judgment and sentence in the record before us requires dismissal of the appeal. Black v. State, Tex. Cr.App., 473 S.W.2d 469; Adams v. State, Tex.Cr.App., 440 S.W.2d 844.

 If a judgment and sentence were in fact pronounced in the case but there was a failure to enter such judgment and sentence, they may be entered nunc pro tunc. Article 42.06, V.A.C.C.P. If, on the other hand, judgment and sentence were never pronounced, the trial court may now pronounce judgment and sentence, and appeal may be taken therefrom if appellant so desires. DeMary v. State, Tex.Cr.App., 423 S.W.2d 331; Clemons v. State, Tex.Cr. App., 414 S.W.2d 940.

The appeal is dismissed.

Opinion approved by the Court.

---

1. The pertinent portion of Article 42.01, Section 9, V.A.C.C.P., requires that the judgment in cases of conviction show "that it is considered by the court that the defendant is adjudged to be guilty of the offense as found by the jury."

2. Article 42.02, V.A.C.C.P., provides: "A 'sentence' is the order of the court in a felony or misdemeanor case made in the presence of the defendant, except in misdemeanor cases where the maximum possible punishment is by fine only, and entered of record, pronouncing the judgment, and ordering the same to be carried into execution in the manner prescribed by law. Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722."