**Armando CRUZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45825.**

Court of Criminal Appeals of Texas.

March 28, 1973.

------

Jerry Johnson and O'Neal Dendy, San Angelo, for appellant.

John H. Green, Dist. Atty., and John Hoestenbach, Jr., Asst. Dist. Atty., San Angelo, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

This conviction is for sale of heroin, a narcotic drug. Punishment was assessed at twenty years.

A jurisdictional problem is raised by the record. Judgment was entered October 23, 1970. A motion for new trial was filed November 12, 1970. The record contains no order overruling this motion, but it was impliedly overruled when the appellant was sentenced on November 30, 1970. There is nothing in the record indicating that notice of appeal was given within ten days as contemplated by Article 44.08, Vernon's Ann.C.C.P. and there are no notations on the docket sheet of any action in this case after November 30, 1970.

A motion to vacate the sentence on the ground that appellant was not represented by counsel at the sentencing was filed December 11, 1970. This motion was granted and the sentence was set aside by order dated December 22, 1970, and appellant was granted until January 5, 1971, to file his motion for new trial.

A motion for new trial was filed on January 5, 1971, and an amended motion on January 22, 1971. An order signed by the court was entered January 29, 1971, overruling these motions. Appellant having filed his affidavit of indigency, counsel was appointed for appeal. Notice of appeal was filed February 4, 1971.

The order of December 22 sustaining appellant's motion to vacate the sentence nullified the November 30 sentencing of appellant. *The record does not reflect that appellant was thereafter sentenced.*

Where there is no sentence in the record, this Court is without any jurisdiction except to dismiss the appeal. Williams v. State, Tex.Cr.App., 478 S.W.2d 441; Black v. State, Tex.Cr.App., 473 S.W.2d 469.

The sentences may now be properly pronounced and entered, and appellant may give notice of appeal, and in such event proceedings pursuant to Article 40.09, V.A.C.C.P. may be had. Payne v. State, Tex.Cr.App., 471 S.W.2d 815; Matheson v. State, Tex.Cr.App., 492 S.W.2d 273.

The appeal is dismissed.

Opinion approved by the Court.