**Joe LEWIS, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47066.**

Court of Criminal Appeals of Texas.

Nov. 14, 1973.

James H. Clack, Andrews, for appellant.

Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for the offense of driving while intoxicated, subsequent offense, the punishment being assessed at five (5) years in the Texas Department of Corrections.

Appellant was convicted for driving a motor vehicle while in a state of intoxication in Andrews County on June 27, 1971. The jury found that appellant was one and the same person that had been previously convicted of a misdemeanor offense of driving while intoxicated in Cause No. 3558 in the County Court of Andrews County, said prior conviction being alleged in the indictment for jurisdictional purposes in this felony prosecution. See Article 802b, Vernon's Ann.P.C. Appellant does not challenge the sufficiency of the evidence.

Appellant's first ground of error reads as follows:

"The trial court committed reversible error in allowing a certified copy of the original papers in Cause No. 3558 in the County Court of Andrews County, Texas, alleging a prior conviction in that court of the offense of driving while intoxicated over the objection of the defendant."

Appellant makes no specific argument nor gives citations of authorities for his first ground of error. This ground of error does not point out specific reasons why the admission of the prior conviction was improper; therefore, nothing is presented for review. See Article 40.09, § 9, Vernon's Ann.C.C.P.

A reading of the record indicates that the ground of error actually relates to the fact that the judgment entered in the prior conviction reflected that appellant appeared without counsel. This contention is thus related to the second ground of error and shall be considered in connection therewith.

Appellant's second contention is that the prior misdemeanor conviction alleged in the indictment is void since the evidence is insufficient to show that he knowingly and intelligently waived his right to counsel at the time of such conviction.

During the presentation of the State's case in chief, Honorable Henry Guillet, Andrews County Attorney, testified he had personally prosecuted the appellant at the time of the prior conviction.

In support of such testimony the State offered certified copies of the judgment and sentence pertaining to the prior conviction. These exhibits were admitted, but immediately subsequent thereto the appellant objected on the ground that the judgment showed that he "was not given the benefit of counsel" at the time of the prior 1970 misdemeanor trial.

The judgment did reflect that "the Defendant appeared without counsel and announced ready for trial," although the sentence, entered on the same date, showed that "Joe Lewis, Jr. appeared in person, and waived his right to be represented by counsel . . . ."

Following appellant's objection, County Attorney Guillet proceeded to testify that at the time of the prior trial the County Judge had advised the appellant of his right to counsel, his right to trial by jury, and his other basic constitutional rights, and that the appellant in open court had affirmatively waived his right to counsel. Guillet further related that the County Judge's common practice was to so advise all defendants of their rights, and that if an accused was indigent, counsel was always appointed.

Thereafter, the objection was overruled and the appellant did not offer any evidence to dispute such testimony, nor did he show that at the time he was indigent.

■ It is now well settled that an accused in a criminal case wherein imprisonment may be assessed is entitled to the representation of counsel, and if the accused is indigent, the court is required to appoint counsel in his behalf in absence of an affirmative waiver of that right. See Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); Ex parte Olvera, 489 S.W.2d 586 (Tex.Cr.App. 1973); Walker v. State, 486 S.W.2d 330 (Tex.Cr.App.1972); Ramirez v. State, 486 S.W.2d 373 (Tex.Cr.App.1972).

■ The undisputed testimony was sufficient to show that the appellant affirmatively waived his right to counsel at the time of his prior misdemeanor trial, even without any consideration of appellant's failure to show that at the time he was indigent. Cf. Walling v. State, 437 S.W.2d 563 (Tex.Cr.App.1969); Ex parte Bird, 449 S.W.2d 41 (Tex.Cr.App.1970); Mabry v. State, 492 S.W.2d 951 (Tex.Cr.App. 1973).

Appellant's contention is overruled.

Lastly, appellant urges that the prior misdemeanor conviction was not usable since it was not a prior final judgment as alleged in the indictment. His contention is based on the fact that the formal sentence does not reflect that he waived his right to ten days in which to file a motion for new trial.

As earlier noted, the sentence was imposed on the same date that appellant entered a plea of guilty and the judgment was entered. The formal sentence introduced as an exhibit in the instant case does not reflect in the body of the sentence any waiver of the ten days in which to file a motion for new trial or an arrest judgment.

We observe that County Attorney Guillet testified that no notice of appeal was given from the prior misdemeanor conviction and that the conviction had become final prior to the commission of the primary offense. Appellant offered no further affirmative testimony that he was untimely and improperly sentenced, nor did he so contend in the trial court. His argument is that since the sentence and other papers relating to the prior conviction introduced do not reflect the waiver of the ten days to file a motion for new trial, it is not a final conviction.

Appellant relies upon such cases as Payne v. State, 471 S.W.2d 815 (Tex.Cr. App.1971); Adams v. State, 440 S.W.2d 844 (Tex.Cr.App.1969); Payne v. State, 477 S.W.2d 581 (Tex.Cr.App.1972), and Matheson v. State, 492 S.W.2d 273 (Tex. Cr.App.1973), holding that an appeal from a conviction will be dismissed where the appellate record shows that the sentence was improperly and untimely entered in violation of Articles 40.05 and 42.03, Vernon's Ann.C.C.P.

■ The authorities relied upon by appellant deal with a direct appeal, whereas the instant case involves an attempt to make a collateral attack on the finality of the prior conviction alleged for jurisdictional purposes. In so doing appellant relies upon the fact that the sentence from the prior conviction (a State's exhibit) does not on its face reflect the necessary waiver. While it is customary and desirable to have the sentence reflect the waiver in question, the mere fact that the sentence form used does not itself contain such waiver does not render the sentence either void nor reflects in and of itself the lack of finality of the conviction. The waiver may be reflected in a separate instrument or otherwise in the court records.

■ When the State offers exhibits and evidence showing prima facie a final prior conviction alleged in the indictment, the burden of proof shifts to the accused to show the lack of finality of such conviction. He may not simply wait until the time of appeal and then complain that the exhibits introduced by the State do not on their face reflect that all procedural requirements were satisfied. Cf. Malone v. State, 466 S.W.2d 310 (Tex.Cr.App.1971).

The judgment is affirmed.