Ex parte Herbert Ray HILL.

Ex parte Ray MARTINEZ, Jr.

Ex parte Billy McDANIEL.

Nos. 50654 to 50656.

Court of Criminal Appeals of Texas.

Oct. 15, 1975.

Royce Coleman, Denton, for Hill.

Michael J. Whitten, Denton, for Martinez.

Gary Tim Banks, Denton, for McDaniel.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

These are post conviction habeas corpus proceedings. See Article 11.07, V.A.C.C.P., and *Ex parte Young*, 418 S.W.2d 824 (Tex. Cr.App.1967).

Hill was convicted after a jury trial for the offense of robbery; the jury assessed punishment at imprisonment for 5 years.

Martinez was convicted after a jury trial for the offense of sale of marihuana; the court assessed punishment at imprisonment for 5 years.

McDaniel entered a plea of guilty before a jury and was convicted for the offense of sale of marihuana; the jury set punishment at imprisonment for 7 years.

Each petitioner is seeking an out-of-time appeal; each contends that he was denied a meaningful appeal by the fraud and deceit of his attorney. None of the petitioners were indigent at the time of trial and each was represented by retained counsel of his own choice; all three petitioners were represented by the same attorney. Each petitioner desired to appeal his conviction and to that end gave notice of appeal through retained counsel. The record in McDaniel's appeal contained a portion of the statement of facts as well as the transcript. The records in Hill's and Martinez's appeals contained only the transcripts. No briefs were filed in any of the three appeals. In each appeal this Court affirmed the conviction, finding that (1) the petitioner had been represented by counsel, (2) there was no indication of indigency, and (3) there was nothing in the record to consider as unassigned error in the interest of justice.

The habeas corpus hearing court has found the facts to be substantially the same in each case:

1. Counsel represented that he would diligently prosecute an appeal.

2. Petitioner wished to appeal his conviction and made that fact known to counsel and the court.

3. Counsel did not withdraw on appeal.

4. Counsel failed to designate any material to be included in the record.

5. Counsel repeatedly assured the petitioner that he was diligently prosecuting the appeal (it was further found in Martinez's case that counsel assured his client that he would eventually arrange to have the sentence probated).

6. Counsel failed to file an appellate brief.

7. Petitioner was at all times unaware that counsel had not taken the steps necessary for the prosecution of a meaningful appeal.

On the records now before us it appears that the petitioners' contentions that they were deprived of meaningful appeals by the fraud and deceit of their respective retained counsel are well founded. The habeas corpus hearing court in each instance has found that the petitioner is entitled to the relief requested. The record in each case supports these findings.

The inexplicable conduct of retained counsel in these cases deprived the petitioners of their right to effective assistance of counsel. The result is the same as no assistance at all, whether counsel is appointed or retained.

This Court has held that willful misconduct by employed counsel without the appellant's knowledge which amounts to a breach of the legal duty of an attorney denies a defendant effective assistance of counsel. *Steel v. State,* 453 S.W.2d 486 (Tex.Cr.App.1970). That principle was reaffirmed in *Ex parte Raley,* 528 S.W.2d 257 (Tex.Cr.App., delivered Oct. 15, 1975).

■ In each of the cases at bar the petitioner has shown that retained counsel failed to diligently prosecute the appeal after representing that he would do so. This is conduct amounting to breach of a legal duty of an attorney.

■ The proper remedy would be to return each petitioner to the point at which he gave notice of appeal. Each petitioner may then, with the aid of counsel, follow the procedures outlined in Article 40.09, V.A.C.C.P., in order that a meaningful appeal from his conviction be taken.

It is so ordered.

Opinion approved by the Court.