**Ex parte Leroy Anthony SHIELDS.**
**No. 53479.**
Court of Criminal Appeals of Texas.
Dec. 22, 1976.
On Rehearing May 18, 1977.

Lawrence Beauchamp, San Antonio, for appellant.

Ted Butler, Dist. Atty., Susan D. Reed and Douglas C. Young, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is a post-conviction application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C.C.P.

Petitioner was convicted for driving an automobile without the owner's consent. His punishment was assessed at two years' imprisonment. He appealed his conviction and we affirmed the cause in a per curiam opinion. (Cause No. 44,907)

Petitioner urges that we erred in affirming his conviction because we did not have jurisdiction over his cause at the time it was appealed. This assertion is predicated on the fact that the trial court prematurely and improperly pronounced sentence in violation of Art. 40.05 and Art. 42.03, V.A.C.C.P. Specifically, the trial court did not afford the petitioner ten days to file a motion for new trial before sentence was pronounced.

In order to address this claim, we must first review the circumstances surrounding his conviction and subsequent appeal to this Court.

On April 5, 1971, the trial court found the petitioner guilty. Petitioner then made application for probation. This application was denied by the court on May 6, 1971. On the same day, the trial court pronounced sentence. On December 14, 1971, the judgment of conviction was affirmed by this Court and the contention urged in this appeal was not raised at that time.

Our mandate was issued on December 30, 1971. This was received by the convicting court on January 31, 1972. A capias was soon issued pursuant to our mandate, but it was not executed until May 1, 1976.

We initially observe that the petitioner did not waive the time permitted him to file a motion for new trial. This is reflected by the record and also by the findings of fact made by the judge at the evidentiary hearing conducted on petitioner's application for post-conviction relief.

If we did not have jurisdiction to affirm the conviction, the decision rendered in regard to the appeal is void.

We conclude that the petitioner did not waive the time allowed by Art. 40.05, supra. The fact that over thirty days elapsed between the court's determination of guilt and the imposition of sentence is not controlling because the petitioner applied for probation. In *Woods v. State*, Tex.Cr.App., 532 S.W.2d 608, we stated:

" . . . the time for filing a motion for new trial or motion in arrest of judgment does not begin to run until the date the court either grants or denies probation." 532 S.W.2d at 612.

In the case at bar, the trial court imposed sentence on the same day it denied probation. This action violated the provisions of Art. 40.05 and Art. 42.03, supra, because no waiver was entered by petitioner.

Our affirmance of petitioner's conviction was incorrect because we did not have jurisdiction to entertain the appeal due to the premature imposition of sentence by the trial court. *Middleton v. State*, Tex.Cr.App., 537 S.W.2d 25; *Mendez v. State*, Tex.Cr.App., 535 S.W.2d 365; *Woods v. State*, supra. Our only proper action in such a situation is to dismiss the appeal.

We hold that the petitioner is entitled to relief. Since we did not have jurisdiction to affirm petitioner's conviction, our mandate in regard to his cause must be quashed. Any warrant issued in compliance with our mandate, therefore, is also quashed.

The petitioner's request for relief is granted. Petitioner must be given an opportunity, as provided by Art. 40.05, supra, to file a motion for new trial. The trial court may then enter the sentence.

It is so ordered.

## OPINION

## ON STATE'S MOTION FOR REHEARING

ONION, Presiding Judge.

This is a post-conviction habeas corpus proceeding which was filed and submitted. On original submission this court held that

the sentence imposed in 1971 was untimely pronounced and, though this question was not raised, this court did not have jurisdiction to affirm the direct appeal in 1971. The affirmance was set aside, the mandate withdrawn and the cause was remanded to the trial court for re-sentencing. On rehearing the State vigorously urges that the sentence was voidable only, not void, and hence not subject to collateral attack. We agree and grant the State's motion for rehearing.

The record reflects that the petitioner entered a plea of guilty before the court to the offense of driving a motor vehicle over the value of $200.00 without the owner's consent on April 5, 1971. Punishment was assessed at two years' imprisonment, and the judgment was entered. In view of petitioner's motion for probation, the court caused a pre-sentence report to be made. On May 6, 1971 the court denied the motion for probation and imposed sentence on that date.[1] The record reflects no objection by petitioner or his retained counsel to the court imposing sentence, and sentence shows that when the petitioner was asked whether he had anything to say why sentence should not be pronounced against him "he answered nothing in bar thereof." See Article 42.07(3), Vernon's Ann.C.C.P.

Notice of appeal was given by retained counsel and appellant was released on bond pending appeal. There was no attempt to have the sentence set aside for the purpose of filing motions for new trial or in arrest of judgment. On December 14, 1971 the judgment of conviction was affirmed by this court in a per curiam opinion in Cause No. 44,907. The appellate record consisted only of the clerk's transcript. There was no transcription of the court reporter's notes. The opinion noted that no brief had been filed on appellant's behalf setting forth grounds of error as required by Article 40.-09, Vernon's Ann.C.C.P. No question of indigency was presented.

The mandate of this court was issued on December 30, 1971. A file mark was placed thereon by the convicting court on January 31, 1972, and a capias issued on February 2, 1972. For reasons not explained, it was not executed until May 1, 1976.

On May 14, 1976 appellant filed in the convicting court a post-conviction application for habeas corpus, followed by an amended application on May 17, 1976. Appellant contended that since there was no waiver of the time in which to file a motion for new trial or in arrest of judgment he had been deprived of an opportunity to file such motions, that sentence was untimely pronounced, and that the Court of Criminal Appeals should have dismissed his appeal rather than having affirmed it. He also contends that he had been deprived of the effective assistance of counsel on appeal and subjected to cruel and unusual punishment. Following an evidentiary hearing the proceedings were forwarded to this court. See Article 11.07, Vernon's Ann.C.C.P. The trial court found that the record did not reflect a waiver of the ten days in which to file the motions for new trial or in arrest of judgment.

As earlier noted, this court on original submission of this habeas corpus proceeding agreed with appellant's contention that the sentence was untimely pronounced, depriving him of an opportunity to file motions for new trial or in arrest of judgment, although to this date appellant has never advanced any grounds that could be advanced to support such motions. The State on rehearing has urged that we reconsider our holding and the cases upon which it was based. We shall do so.

■ A sentence, as defined by Article 42.02, Vernon's Ann.C.C.P., is required to be pronounced in all cases where sentences are applicable before an appeal is taken, except in death penalty cases and in probation cases where imposition of sentence is sus-

1. It should be remembered that this proceeding took place long before this court's decision in *Woods v. State*, 532 S.W.2d 608 (Tex.Cr.App. 1976), holding that the time for filing a motion for new trial or in arrest of judgment does not begin to run until the date the court either grants or denies probation.

pended. See Article 42.04, Vernon's Ann.C. C.P. In all cases where a sentence is required to be pronounced before an appeal is taken, such sentence must be included in the appellate record. Article 40.09, § 1, Vernon's Ann.C.C.P. Where the sentence does not appear in the appellate record, this court is without jurisdiction and the appeal must be dismissed. See, e. g., *Clemons v. State*, 414 S.W.2d 940 (Tex.Cr.App.1967); *Herbort v. State*, 422 S.W.2d 456 (Tex.Cr. App.1967); *Black v. State*, 473 S.W.2d 469 (Tex.Cr.App.1971); *Baker v. State*, 491 S.W.2d 887 (Tex.Cr.App.1973).

As to the time for pronouncing sentence in the trial court, Article 42.03, Vernon's Ann.C.C.P., provides in part:

"If a new trial is not granted, nor judgment arrested in felony and misdemeanor cases, the sentence shall be pronounced in the presence of the defendant except when his presence is not required by Article 42.02 *at any time after the expiration of the time allowed for making the motion for a new trial or the motion in arrest of judgment. . . .*" (Emphasis supplied.)

Article 40.05, Vernon's Ann.C.C.P., provides that a motion for new trial shall be filed 10 days after conviction, and Article 41.02, Vernon's Ann.C.C.P., provides that a motion in arrest of judgment must be made within 10 days after conviction.

■ It is clear from these statutes that the sentence should not be pronounced until after the expiration of the time for filing such motions. If no such motions are filed within the time period prescribed, then sentence may be pronounced. See *Adams v. State*, 440 S.W.2d 844 (Tex.Cr.App.1969). If such motions are timely filed, sentence should not be pronounced until such motions have been overruled following a hearing or by operation of law.

■ None of the above does not mean a defendant may not *after conviction* waive such time allowed by law to file the above

described motions and agree to accept imposition of sentence at an earlier time. See Article 1.14, Vernon's Ann.C.C.P.; *Adams v. State*, supra.

In *Adams v. State*, supra, in which sentence was pronounced the same day the case was tried and judgment entered, there the court wrote in an opinion on direct appeal:

"If there was no valid waiver the sentence was improperly and untimely entered and this court is without jurisdiction *in this type of case* to entertain this appeal. Article 42.04, V.A.C.C.P.; *Yordy v. State*, Tex.Cr.App., 425 S.W.2d 352." (Emphasis supplied).[2]

For a want of a proper sentence in *Adams*, the appeal was dismissed.

The rule in *Adams* has been consistently followed in cases like it on direct appeal. See, e. g., *Bedell v. State*, 443 S.W.2d 850 (Tex.Cr.App.1969); *Payne v. State*, 471 S.W.2d 815 (Tex.Cr.App.1971); *Cherb v. State*, 472 S.W.2d 273 (Tex.Cr.App.1971); *Woods v. State*, 532 S.W.2d 608 (Tex.Cr. App.1976), and numerous cases there cited.

In many of the cases on direct appeal following the *Adams* rule it was obvious that the appellant had been deprived of the opportunity to file either a motion for new trial or in arrest of judgment by a prematurely pronounced sentence. In still other cases where the untimely sentence was found in the record on appeal the appeal was dismissed.

■ *Woods v. State*, supra, held that where a motion for probation has been filed the time to file a motion for new trial or in arrest of judgment does not begin to run until a determination by the court of the motion for probation. Some time may elapse between the time of the judgment and before the court passes on the probation motion while awaiting a pre-sentence report. When it does, *Woods* requires that the computation of time begins to run from the time the court passes on the probation

2. It is observed that Article 42.04, supra, requires a sentence with certain exceptions be imposed before an appeal can be taken. *Yordy*

*v. State*, supra, dealt with a situation where no sentence at all was imposed.

motion. This was what occurred in the instant case.

The issue presented by the instant case is whether an untimely pronounced sentence will always deprive this court of jurisdiction on appeal, regardless of whether that issue is called to the attention of this court. Stated another way, the question presented is whether an appeal affirmed by this court can be collaterally attacked on the basis that the sentence was untimely pronounced where that issue was not raised on direct appeal.

■ It has long been the policy of the courts of highest resort in this State to differentiate between direct attacks on the judgment and those which are considered collateral attacks. If the judgment and sentence rendered are void, they may be attacked by direct or collateral attack. But if merely voidable, only a direct attack can set it aside. *Clayton v. Hurt,* 88 Tex. 595, 32 S.W. 876 (1895); *Crawford v. McDonald,* 88 Tex. 626, 33 S.W. 325 (1895); *Ex parte McKay,* 82 Tex.Cr.R. 221, 199 S.W. 637 (1917). The method of attack herein is by writ of habeas corpus, which is a collateral attack rather than a direct attack on the proceedings under which the restraint complained of has been imposed. *Holman v. Mayor,* 34 Tex. 668 (1870); *Ex parte Testard,* 101 Tex. 250, 106 S.W. 319 (1908); *Ex parte Travis,* 123 Tex. 480, 73 S.W.2d 487 (1934); *Ex parte Sanders,* 169 Tex.Cr.R. 107, 332 S.W.2d 332 (1960); *Ex parte Conger,* 163 Tex. 505, 357 S.W.2d 740 (1962); *Ex parte Buford,* 163 Tex. 505, 357 S.W.2d 740 (1962). Habeas corpus lies only to review jurisdictional defects or denials of fundamental or constitutional rights.

In the instant case the district court had jurisdiction of the offense. Article V, § 8, Texas Const.; Article 4.05, Vernon's Ann.C.C.P.; *Bridges v. State,* 423 S.W.2d 931 (Tex.Cr.App.1968); Article 1341(a), Vernon's Ann.P.C., 1925, as amended. The judgment of the district court was entered in accordance with Article 42.01, Vernon's Ann.C.C.P. The sentence entered based on the

judgment complied with Article 42.02, supra, and was a proper order except that it was untimely pronounced. *Woods v. State,* supra. Notice of appeal was given as a prerequisite to perfecting the appeal, see Article 44.08, Vernon's Ann.C.C.P., and the record was forwarded to this court. See Article 40.09, supra. The conviction was affirmed on appeal without any question being raised as to the untimely sentence.

The untimely pronounced sentence is now attacked collaterally for the first time.

■ When a defect in the conduct of a proceeding is challenged, a collateral attack by habeas corpus may be invoked only where the error renders the proceedings absolutely void. *Ex parte Davis,* 161 Tex. 561, 344 S.W.2d 153 (1961); *Martinez v. State,* 419 S.W.2d 369 (Tex.Cr.App.1967). Defects in a proceeding designated as irregularities, consisting of the want of adherence to some prescribed rule or mode of proceeding, either in omitting to do something that is necessary for the orderly conduct of a suit or doing it at an unreasonable time or in an improper manner do not render the proceeding void. *Ex parte Duncan,* 127 Tex. 507, 95 S.W.2d 675 (1936); *Ex parte Lee,* 127 Tex. 256, 93 S.W.2d 720 (1936); 27 Tex.Jur.2d, Habeas Corpus, § 11, p. 674; 39 C.J.S. Habeas Corpus § 36, p. 558.

■ It is observed that Article 26.04, Vernon's Ann.C.C.P., relating to the appointment of counsel for indigents, provides in subsection (b) that:

"The appointed counsel is entitled to ten days to prepare for trial, but may waive the time by written notice, signed by the counsel and the accused."

Failure to accord the accused and his counsel the ten days' preparatory period in accordance with this mandatory statute [3] will result in a reversal if such failure is attacked on direct appeal, but may not be collaterally attacked in the absence of a showing of harm. See, e. g., *Ex parte Meadows,* 418 S.W.2d 666 (Tex.Cr.App.

---

3. *Crothers v. State,* 480 S.W.2d 642 (Tex.Cr.App.1972), and *Hayles v. State,* 507 S.W.2d 213

(Tex.Cr.App.1974), hold that the provisions of the statute are mandatory.

1967); *Young v. State,* 448 S.W.2d 484 (Tex. Cr.App.1970); *Thomas v. State,* 451 S.W.2d 907 (Tex.Cr.App.1970); *Rinehart v. State,* 463 S.W.2d 216 (Tex.Cr.App.1971); *Clemons v. State,* 501 S.W.2d 92 (Tex.Cr.App.1973); *Sutton v. State,* 519 S.W.2d 422 (Tex.Cr. App.1975).

It appears that the same distinction between the possible attack on direct appeal and collateral attack was made in *Lewis v. State,* 501 S.W.2d 88 (Tex.Cr.App.1973). There this court held that the defendant could not attack a judgment of conviction used merely for enhancement of punishment purposes by pointing out when the conviction was offered that the sentence was imposed on the same date that judgment was entered and there was no showing there had been any waiver of the time in which to file motions for new trial or in arrest of judgment.

■ The very purpose of Article 42.03, Vernon's Ann.C.C.P., in requiring that sentence should not be pronounced until after the expiration of the time for filing motions for new trial or in arrest of judgment was simply designed to give the defendant, if he desires, an opportunity to investigate, marshal his facts, prepare and file such motions without being cut off by the premature imposition of sentence by the court.

■ After due consideration, we hold that a sentence untimely pronounced results in an irregularity in the proceedings and renders the sentence voidable as opposed to void. Such irregularly pronounced sentence is not to be equated with the failure to pronounce sentence with regard to the jurisdiction of this court. Prior decisions so indicating were in error. If an attack is made upon such voidable sentence on direct appeal or the matter is called to the attention of this court in any manner while the appeal is pending, the appeal will be dismissed. If no appeal is taken or if the matter of untimely pronounced sentence is not called to the appellate court's attention in any manner on appeal, such voidable only sentence will not be subject to collateral attack by habeas corpus proceedings or otherwise.

In the instant case the untimely presented sentence was voidable only. On appeal appellant raised no question concerning the same, and it was not called to the attention of this court in any manner. For the first time by habeas corpus proceedings he collaterally attacks the untimely pronounced sentence. He is too late. All cases in conflict with our holding today are overruled to the extent of such conflict.

■ We observe that in his habeas corpus application appellant contends he was deprived of the effective assistance of counsel on appeal and further was subjected to cruel and unusual punishment because for four years, while free on bond, he was under the impression that his conviction had been reversed and prosecution dismissed.

Appellant's contention as to cruel and unusual punishment is without merit under *Ex parte Francis,* 510 S.W.2d 345 (Tex.Cr. App.1974).

■ As to appellant's claim of ineffective assistance of retained counsel on appeal, we observe that the appellate record contained only the bare clerk's transcript. There was no statement of facts. No brief was filed on petitioner's behalf.

At the evidentiary hearing counsel testified he represented the petitioner at his trial and was retained counsel. He stated he gave oral notice of appeal following sentence, but took no other steps to pursue the appeal. He did not order the statement of facts or file a brief for his client, and he did not apprise the trial court that he had withdrawn. His explanation was that he was unable to contact his client to determine whether to withdraw from the case or not. He did not explain why he was unable to contact the petitioner. The record reflects that the petitioner was on bond pending appeal. Said bond contains the petitioner's address and phone number. The petitioner testified that in four years' lapse of time he had been working, purchased a home and been an active church member, and was under the impression the prosecution had been ordered dismissed.

While the record at the evidentiary hearing was not as well developed as it might have been, it does show that retained counsel took no steps to see that petitioner was accorded a meaningful appeal and such inaction was taken without petitioner's knowledge. The record supports the fact that retained counsel failed to diligently prosecute the appeal after representing that he would do so. This conduct amounts to a breach of a legal duty of retained counsel. See *Steel v. State*, 453 S.W.2d 486 (Tex.Cr.App.1970); *Ex parte Raley*, 528 S.W.2d 257 (Tex.Cr.App.1975), and cases there cited; *Ex parte Hill*, 528 S.W.2d 259 (Tex.Cr.App.1975).

■■■ The petitioner is entitled to the relief requested with regard to the effective assistance of counsel on appeal and is granted an out-of-time appeal, and the cause is remanded to the trial court for proceedings in accordance with Article 40.09, supra, to afford him an effective appeal.[4]

The relief prayed for is granted in part in accordance with this opinion.

It is so ordered.

## DISSENTING OPINION ON STATE'S MOTION FOR REHEARING

ODOM, Judge.

The majority wholly misstate the issue before this Court. According to the majority:

"On rehearing the State vigorously urges that the sentence was voidable only, not void, and hence not subject to collateral attack. We agree and grant the State's motion for rehearing."

Later the majority state, "The untimely pronounced sentence is now attacked collaterally for the first time." That is simply *not* the posture of the case before us. Petitioner, in his succinct reply to the State's motion for rehearing, points with clarity to the error in the State's argument that has been accepted by the majority:

"The basic fallacy in State's argument is that it has confused the jurisdiction between the appellate court and the trial court. . . . What this Honorable Court said in its Opinion of December 22, 1976, is that it, the Appellate Court, did not have appellate jurisdiction and thus no authority to affirm the conviction in the first instance. Most obviously, the State's Attorney is confusing the jurisdiction of the trial court with the jurisdiction of the appellate court, and, to use an old phrase, is 'trying to mix apples and oranges' . . . . "

Likewise, the majority is most obviously confusing the jurisdiction of this Court with the jurisdiction of the trial court.

The issue is not whether the judgment of conviction of the district court is void; it is whether this Court's judgment of affirmance is void. As stated on original submission:

"Our affirmance of petitioner's conviction was incorrect because we did not have jurisdiction to entertain the appeal due to the premature imposition of sentence by the trial court. *Middleton v. State*, Tex.Cr.App., 537 S.W.2d 25; *Mendez v. State*, Tex.Cr.App., 535 S.W.2d 365; *Woods v. State*, Tex.Cr.App., 532 S.W.2d 608. Our only proper action in such a situation is to dismiss the appeal."

The majority have advanced no reasoning that even addresses this issue.[1]

The majority, despite their failure to address the issue, do, at one point, correctly state the issue:

"The issue presented by the instant case is whether an untimely pronounced sentence will always deprive this court of jurisdiction on appeal, *regardless of whether that issue is called to the attention of this court.*" (Emphasis added.)

---

4. While an out-of-time appeal is now afforded petitioner and the trial court may release him on bail pending appeal, it is observed that the trial court had no authority to release him on bond following the post-conviction habeas corpus proceedings as it did. See Article 11.07, § 2(a) and § 3, supra.

1. Furthermore, this Court on original submission did not even address the issue of whether the district court's judgment of conviction was subject to collateral attack, nor did we hold that judgment void.

Judge Woodley, speaking for the Court in *Ex parte Caldwell,* Tex.Cr.App., 383 S.W.2d 587, 589, answered the matter thusly: "Jurisdiction of a court must be legally invoked, and when not legally invoked, the power of the court to act *is as absent as if it did not exist.*" (Emphasis added.) Accord, *Newton v. State,* Tex.Cr.App., 509 S.W.2d 610; *State v. Olsen,* Tex., 360 S.W.2d 398.

The duty to determine whether the Court has jurisdiction of a case is a duty of the Court itself, and not dependent on assertion by a party:

"It is a matter of first consideration of any court to determine its own jurisdiction of a case, and, if lack of jurisdiction appears, as a matter of law, the court should dismiss the case without passing upon any other issue presented, whether of law or fact." *Lone Star Finance Corp. v. Davis,* 77 S.W.2d 711 (Tex.Civ.App.— Eastland, 1934). See also *Gibbs v. Melton,* 354 S.W.2d 426 (Tex.Civ.App.— Dallas, 1962).

The consequences of this Court taking action other than dismissal of any appeal in which we lack jurisdiction are the same as the consequences in such circumstances of action by any other court:

"If the court has no jurisdiction, it should proceed no further with the case other than to dismiss it for want of power to hear and determine the controversy. *In such a case, any order or decree entered, other than one of dismissal, is void.*" (Emphasis added.) *Hall v. Wilbarger County,* 37 S.W.2d 1041, 1046 (Tex.Civ.App.—Amarillo, 1931), affirmed, 55 S.W.2d 797.

"[J]udicial action without jurisdiction is void." *Cleveland v. Ward,* 116 Tex. 1, 285 S.W. 1063 (1926).

*This* Court lacked jurisdiction when petitioner's conviction was appealed. *This* Court only had authority to dismiss that appeal. *This* Court's judgment of affirmance is void. "A judgment which is void is conclusive of nothing, and may be the subject of inquiry in a collateral proceeding." *Ex parte Duncan,* 42 Tex.Cr.R. 661, 62 S.W. 758.

Finally, I urge the majority to re-examine *Lewis v. State,* 501 S.W.2d 88, which is cited in today's majority. In *Lewis* the defendant challenged the validity of a prior conviction on grounds of an untimely sentence. Presiding Judge Onion, speaking for the Court, wrote:

"We observe that County Attorney Guillet testified that no notice of appeal was given from the prior misdemeanor conviction and that the conviction had become final prior to the commission of the primary offense.

\*　　\*　　\*　　\*　　\*　　\*

"Appellant relies upon such cases as *Payne v. State,* 471 S.W.2d 815 (Tex.Cr.App.1971); *Adams v. State,* 440 S.W.2d 844 (Tex.Cr.App.1969); *Payne v. State,* 477 S.W.2d 581 (Tex.Cr.App.1972), and *Matheson v. State,* 492 S.W.2d 273 (Tex.Cr.App.1973), holding that an appeal from a conviction will be dismissed where the appellate record shows that the sentence was improperly and untimely entered in violation of Articles 40.05 and 42.03, Vernon's Ann.C.C.P.

"The authorities relied upon by appellant deal with a direct appeal, whereas the instant case involves an attempt to make a collateral attack on the finality of the prior conviction alleged for jurisdictional purposes."

The conviction challenged in *Lewis* was final in the trial court because no appeal was taken from the judgment of conviction. The Court distinguished that situation from the cited cases holding this Court lacked appellate jurisdiction where sentence is untimely pronounced. The case at bar challenges our prior exercise of appellate jurisdiction and our subsequent judgment of affirmance; it is not an attack on a judgment of conviction, nor is it an attack on a case that was final in the trial court because no appeal was taken. *Lewis v. State,* supra, is no bar to petitioner's attack, but, to the contrary, acknowledges the authorities that support the instant attack and distinguishes Lewis' unsuccessful challenge from petitioner's meritorious attack.

The State's motion for rehearing should be overruled without written opinion.